Nash, C. J.
 

 The question for our consideration arises under the act of the General Assembly concerning the revocation of wills. Rev. Statute, ch. 122, sec. 12. By that
 
 “
 
 section, it is provided, “ that no devise in writing, &c., or
 
 “
 
 any clause thereof, shall be revocable, otherwise than by
 
 “
 
 some other will in writing, or by burning, cancelling, tearing,' or otherwise obliterating the same, &c.” This provision is almost in the exact terms of the Statute of Frauds, in England, passed the 29th of Charles the Second. It was ‘ stated at the bar, in the argument here, that the true construction of the 29th of Charles, upon the question raised here, was in England still unsettled, and that there was no adjudication by this Court, which was .a direct authority. This is so, and we must endeavor to extract from the conflicting English authorities, and our own cases which have a bearing upon the question, that rule which appears to us most consonant with the Statute and to reason. Revocation is an act of the mind, demonstrated by some outward \and visible sign or symbol of revocation. No act of spoliation or destruction of the instrument will, under the Statute,
 
 *199
 
 revoke.it, unless deliberately done,
 
 animo revocandi.
 
 Thus, if a testator, intending to destroy papers of no value, ignorantly and without an intention to do so, throws his will into the fire, and it is consumed, or by accident tears off the seal, it is no revocation. The difficulty lies in ascertaining 'how far the symbol of revocation must extend. As to the burning, must the will by it be literally destroyed, in whole •or in part ? or must any portion of it be
 
 actually
 
 destroyed ? It is upon this point that the English cases differ. The first .case to which our atention was directed, was that of Mole and Wife v. Thomas, 2nd Sr. William Blackstone, Rep. 1043. The case was.; Palin, the deceased, being sick in bed, near the fire, ordered his attendant, Mary Wilson, to bring him his will, which she did. He opened it, looked at •it, and tore a bit of it almost off, then crumpled it in his hand and threw it on the fire. It fell off, and Mary Wilson ¡took it up and put it in her pocket. Palin did not see her take it up, but had some supicion of the fact, as he asked her what she was at, to which she made little or no reply. The Court ruled, that it wTas not necessary that the will or the instrument should be literally destroyed, or consumed,
 
 .burnt
 
 or torn to pieces. Throwing it on the fire, with an intent to burn, though it is but very slightly singed, and falls off, is sufficient within the Statute. The cas’e does not inform us to what extent the fire had made an impression on the paper: it must have been very slight. The .authority of this case is said to be shaken by what fell from the Chief Justice Denman, in the case of Reid v. Harris, 33rd E. C. L. R. 60. In commenting on the case of Mole and Wife, he observes: “Doubt might be entertained now', whether the proof there given would be sufficient as to them,” meaning burning and tearing. High as this authority is, we are not inclined from the expression of a doubt to set aside the deliberate and united opinions of Chief Justice Dr. Grey, Gould, Blackstohe and Nares. But, in that
 
 *200
 
 very case, both PattesoN and Coleeidge stated1, there must be a partial burning of the instrument itself, and that any partial burning will destroy it entirely. But independent-' ly of this, the case of Mole v. Thomas is recognised by writers of the highest authority. Mr. Powell, at page 596 of his Treatise of Devises, says: “Upon this principle, it has been held, that if any of these acts, viz: tearing, burning,. &c., be performed in the
 
 slightest
 
 manner, this, joined with a declared intent, will be a good revocation, because the' change of intent is the substantive act, the fact done is only the sign or symbol, by which that intent is rendered more obvious.” He then cites the case of Mole v. Thomas, as his authority. See also 1st Jarman on Wills, 115 to 119; Lovelace on Wills, 347. They both cite the case from Sir Wm. Blackstone, and refer to the case of Reed v. Harris, as showing that the singeing of the cover of a will is not a burning of the will, but that there must
 
 be
 
 a partial burning of the will itself. Thus stand the cases in England on this question, and upon the authority of Mole v. Thomas, Judge Kent, in the fourth volume of his Commentaries, ' “ page 532, says: “ Cancelling in the
 
 slightest
 
 degree, with
 
 “
 
 a declared intent, will be a sufficient revocation, andthere- “ fore, throwing a will on the fire, with an intent to burn it, “ though it be but slightly singed, is sufficient evidence of “ the intent to revoke,” and for this he cites Mole’s case. So GbeeNLEae, in his first volume on Evidence, 349, states, that when a testator crumpled his will, and threw it on the fire, with an intent to destroy it, though it ivas saved entire, without his knowledge, would be a revocation, and refers to Mole’s caso to sustain them. See 5th Conn. R. 168, Card v. Grinman. By a large majority of these authorities, it appears that the case in Blackstohe is sustained, and approved. The' intent with which the act is done by the testator, must continue through the act; otherwise, it will not be a revocation, as where a testator, upon a sudden provocation by one of the devisees,,tore his will asunder, and after
 
 *201
 
 being appeased, fitted the pieces -together, and expressed his satisfaction that it was no worse, it was held to be no revocation. Here the intent to revoke was itself revoked before the act was complete. ' Doe and Perkes, 5th Barn, and Ald.
 
 481.
 
 The case of Hise v. Fincher, 10 Iredell 130, which was referred to, does not govern this. There the testator, who was sick in bed, directed his son to throw his will into the fire: instead of doing so, he, without his father's knowledge, threw another paper in. This was adjudged, and certainly very correctly, to be no revocation. The directions given were accompanied by no act or symbol on the part of the testator, expressive of his intention to revoke: his intention rested only in words.
 

 The principle which we would extract from the cases cited, is, that where the revocation of a will is attempted by burning, there must be a present intent on the part of the testator to revoke, and this intent must appear by some act or symbol, appearing on the script itself, so that it may not rest upon mere parol testimony, and if the script is in any part burnt or singed, it is sufficient to revoke the will. Let us now try this case by this principle or rule.
 

 The case states, that the testator threw the will into the fire, with the intent to revoke and destroy it; that, after he had done so, he turned away, when, the plaintiff, his wife, took the paper from the fire secretly, and concealed it in her pocket; that the testator, up to his death, thought the will was destroyed, and so frequently expressed himself. The writing was upon a single sheet of paper, which was burnt through in three places, one near either extremity, and in
 
 the
 
 crease formed by the folding of the paper. It was also singed' at the outer edges, and scorched on the outside or back; that this was done when the paper was thrown on the fire. No word or' letter of the writing was in any. manner destroyed or obliterated by the burning, and the paper itself but little disfigured, and in no wise injured, except as above stated.
 

 
 *202
 
 It will be at once seen, that thi£ is a stronger- case than that of Mole v. Thomas. There the script was barely singed ; here it is burnt through in three different places, the outside scorched, and the edges of the paper singed. We are therefore clearly of opinion that the will was revoked : there was the present intent to revoke — the act of thro'wing on the fire with that vie,w, and the symbol impressed upon the script itself. There was no halting in -the intention of the testator,' between the .commencement and the completion of -the act; for, to the time of his death, he believed the will was destroyed.
 

 It is seen from the cases cited, and the rule we have laid down, that the much or little of the burning of the script, is not material, and when the reason of requiring the simbol to be impressed on the script is considered, it cannot be important. The symbol is nothing, but the act showing thc-intention of the testator, .and when that appears on the paper, the evidence from the act is complete, and the testator has completed his intention. It would be.singular, that, if the slightest burning of a house, on .an indictment for .arson, should be sufficient to take the life of the incendiary, .as it is, that a similar burning should not, in a civil case,
 
 be
 
 sufficient to revoke a will. The language upon this point, in the act taking away the benefit of clergy, for burning a jail, or .other public building, is the same, as in the act we are considering. Rev. Stat. ch. 34, s. 7 : “ If any person shall wilfully and maliciously
 
 burn,”
 
 &c. If anyportionof the building is burnt, it is sufficient to bring the case within the Statute.
 

 Judgment .affirmed.