IN RE VENABLE'S WILL.

(December 19, 1900.)

1. *Wills—Revocation—Parol Evidence—Intent.*

Parol evidence is inadmissible to show the revocation of a will by a subsequent one.

2. *Wills—Revocation— Probate— Holograph— Subsequent Will.*

A later will does not revoke a former one unless the two are so inconsistent as to be incapable of standing together.

APPLICATION by S. L. Venable for the probate of the holograph will of Haywood Venable, deceased, in connection with a subsequent will, heard by Judge *W. S. O'B. Robinson,* and a jury, at Spring Term, 1900, of STOKES Superior Court. From order denying probate, propounder appealed.

*A. M. Stack,* and *Watson, Buxton & Watson,* for propounder.

*W. W. King,* and *Jones & Patterson,* for caveators.

IN RE VENABLE'S WILL.

FAIRCLOTH, C. J.   On August 29, 1891, Haywood Vena-
ble executed what purports to be his holograph will, found
among his valuable papers, after his death.   On March 15,
1899, he executed another will a few days before his death,
which was probated and duly recorded on March 24, 1899.
S. L. Venable, one of the devisees in the holograph will, of-
ffered the same for probate and recordation on May 13, 1899.
An issue of *devisavit vel non* as to the holograph will was
framed and submitted to a jury at Spring Term, 1900, of
the Superior Court, whose verdict was against the pro-
pounder of the said will, and the judgment of the court was
that said holograph paper was no part of the last will and
testament of Haywood Venable, all devisees, legatees, and
heirs of the testator having come in as caveators.   Pro-
pounder appealed.

We will designate the holograph paper as the first will,
and the once recorded, as the second will.   The question sub-
mitted to this Court is, whether the second will revokes the
first, or whether, taken together, they constitute the last will
of Haywood Venable.   We are not aware that this issue has
ever been before this Court, and we must, therefore, rely
upon our own reasoning and such outside authorities as we
can find.   Each paper starts off by declaring this to be "my
last will and testament," and neither has a residuary clause.
The first will declares all other wills void.   The second has
no express words of revocation.   The second disposes of
some property not mentioned or referred to in the first will.
After the verdict was entered, the propounder moved the
Court for judgment *non obstante veredicto* in favor of the
first will, except as to provisions therein altered by the second
will.   This presents the whole question.   During the trial
the caveators were allowed to introduce parol evidence re-
citing the statements and declarations of the testator con-

cerning his will. The admission of this evidence was error. "Parol evidence of the revocation of a will was held to be inadmissible." *Jackson v. Kniffin,* 2 Johns., 31; *Smith v. Fenner,* 1 Gall., 170, Fed. Cas. No. 13,046; Pritch. Wills, sec. 248. These are considered leading cases. The argument made was, that parol evidence is admissible to relieve latent ambiguities. The argument is correct, but it is a misapplication of the principle. We are not construing the meaning of these papers, but simply whether one revokes the other, without regard to the meaning of either, even if there was any ambiguity in them. Looking at these instruments, we can see no ambiguity in either. Each one names the devisee and legatee, and each sufficiently describes the property devised. In construeing wills the intention of the testator must be ascertained from the face of the will when there is no latent ambiguity, and the intent to revoke one instrument by another is to be gathered in the same way. By revocation is meant the destruction of the operative force of the will, either in part or entirely, by some extrinsic act in regard to it, or by making and publishing a later instrument in the nature of a will *animo revocandi.* 29 Am. and Eng. Enc. Law, 266; *White v. Casten,* 46 N. C., 197. Some courts have held that revocation is accomplished by simply disposing of an estate in an inconsistent manner. Schouler,. Wills, sec. 406. But, "on the other hand, the later will, though well executed, does not revoke the earlier one, as such, and without express words of revocation, except by being inconsistent with it; and by the extent of such inconsistency must be measured the extent of the revocation. To operate a total revocation in such a case, the two dispositions must be so plainly inconsistent as to be incapable of standing together. Only a revocation *pro tanto* results where the effect is that of partial inconsistency. It is like·

making a will and then adding a *codicil;* the final disposition reading by the light of both instruments together as a corrected whole." Schouler, Wills (2d Ed.), sec. 407; Pritch., Wills, sec. 248. The manner of revoking wills is discussed in various ways in Pritch., Wills, chap. 2, Art. I, secs. 243-263, and supports the principle we have above stated. The appointment or non-appointment of new executors, and the usual expression, "my last will and testament," have little bearing on the issue. 1 Williams, Ex'rs, 164. Our opinion is that the first and last wills together constitute the will of the testator, and his estate must be administered accordingly. There is no express revocation, which is the usual and natural way of showing the intention. There is nothing more than partial inconsistency, and nothing is disclosed on the face of the last will to indicate a purpose to destroy the operation of the first will entirely. It may be that we have missed the testator's intention. If so, it was his misfortune not to have expressed it in direct terms, so that it could be understood. All we can do is to attempt to arrive at his intention according to the established rules of construction. There was error.

Reversed.