CLEVELAND-AKRON BAG COMPANY v. MESSICK GROCERY COMPANY.

(Filed 19 April, 1916.)

**Vendor and Purchaser—Contracts, Written—Parol Evidence—Lost Writing— Search—Subsequent Letters—Admissions.**

In this action to recover the purchase price of goods sold and delivered upon written order of the defendant, the plaintiff's evidence of the destruction of the order by fire and its unsuccessful search therefor was sufficient to admit of parol evidence of its contents; and were it otherwise, the acknowledgment of defendant's liability by subsequent letters was a sufficient writing.

ACTION tried before *Cline, J.,* and a jury, at September Term, 1915, of FORSYTH.

This is an action to recover $186.32, the purchase price of certain paper bags which the plaintiff alleges it sold to the A. F. Messick Grocery Company, the defendant in this action, to be shipped to the Yadkin Lime Company. The principal contention of the defendant is that the bags were sold to the lime company and not to the defendant grocery company.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Eller & Stockton for plaintiff.*
*J. E. Alexander for defendant.*

PER CURIAM. The chief exception upon which the defendant relies is that parol evidence was admitted by the court to prove the contents of the original order for the bags.

The plaintiff offered evidence tending to prove that in the course of business orders of that date were destroyed, and that search had been made for the missing order, and it could not be found.

The evidence of loss was sufficient to justify the reception of parol evidence; but if not, the defendant was not prejudiced thereby, because it appears in the record that the defendant wrote the plaintiff on 23 October, 1911, acknowledging the receipt of the bags and saying, among other things, "These were purchased by us," which is a sufficient acknowledgment of the purchase by the defendant, the grocery company, and to charge that company with liability.

It also appears in the record that complaint was made as to the quality of the bags by the grocery company, and that the plaintiff immediately wrote to the defendant, asking that it return any bags that they contended were not of good quality and that it would give the defendant full credit for all bags returned. The correspondence between the parties also shows that this offer on the part of the plaintiff was repeated several times, and that the defendant refused to return the bags.

We have carefully considered the whole record, and do not find any error of which the defendant can complain.

No error.