BALL-THRASH COMPANY v. A. H. McCORMACK ET AL.

(Filed 13 December, 1916.)

**1. Arbitration and Award—Agreement—Award—Pleas in Bar.**

Averment and proof of an agreement submitting controverted matters to arbitration, when an award is pleaded in bar of an action, is necessary in order to give the award of the arbitrators the binding effect between the parties required.

**2. Same—Form of Award—Finality—Obscurity.**

Where an oral (or written, if so required by law) agreement of arbitration has been sufficiently entered into between the parties it must be followed by a consideration of the matters submitted and an award of the arbitrators; and unless the articles of submission prescribe certain formalities, the arbitrators may express their conclusion in any form they choose, and their decision therein expressed is conclusive if its terms can be understood, and it is so expressed that the intention of the arbitrators can be clearly gathered therefrom, and not couched in conditional, obscure, or dubious form.

**3. Same—Expert Opinion—Evidence—Trials.**

In an action upon notes given for the balance of the purchase price for furnishing and installing a heating plant in defendant's residence, an award proposed to be introduced as a defense which purported upon its face to be only the advice of a supposed expert, who had given the arbitrators figures, based upon his estimate as to shortage of heat radiation and his opinion that certain pipes would have to be changed, not stating how and to what extent, and having no finality as to cost, amount to be deducted, or final direction, is properly excluded, as too uncertain for enforcement.

**4. Appeal and Error—Trials—Instructions—Evidence—Prejudicial Error.**

Exceptions to the admission or refusal to admit evidence upon the trial of a cause, or to the judge's charge, will not be sustained on appeal, and a reversal of the judgment ordered, when such do not affect the real merits of the controversy and no substantial prejudice will result to the appellant.

**5. Instructions—Narration of Evidence—Statutes—Substantial Compliance.**

As to whether the trial judge is compelled to read the stenographer's notes of the evidence, on request of a party, *quere;* but where a request therefor has not been made, it is a sufficient compliance with the statute, Revisal, sec. 535, for him to state the substance of the evidence in his charge.

**6. Contracts—Compliance—Verdicts—Quantum Meruit—Appeal and Error.**

In this action to recover upon a contract for furnishing and installing a heater in defendant's residence, the jury having found by the amount of their verdict as fixed by the contract price that plaintiff had performed his part thereof, it is *Held*, that a recovery upon a *quantum meruit*, while evidently considered, was excluded by the verdict, and *Steamboat Co. v. Transportation Co.*, 166 N. C., 582, and other like cases, were not applicable on appeal.

**7. Instructions—Misrecitals—Appeal and Error—Objections and Exceptions.**

Misrecitals of the evidence or contentions of the parties by the trial judge should be called to the attention of the court at the proper time; and when this has not been done, exceptions thereto will not be considered on appeal.

CIVIL ACTION tried before *Harding, J.,* and a jury, at Spring Term, 1916, of BUNCOMBE.

The plaintiff sued upon two promissory notes, each for $228, given for the balance due on a contract between the parties by which plaintiff agreed to furnish and install a heating plant in defendant's residence at Asheville, N. C. The court submitted issues to the jury, which, with the answers thereto, are as follows:

1. Are the defendants indebted to plaintiffs, as alleged in the complaint, and if so, in what amount? Answer: "$459, with interest on notes from maturity."

2. Are plaintiffs entitled to a laborer's, mechanic's, and material furnisher's lien on the property described in plaintiffs' complaint, as alleged therein? Answer: "Yes."

3. Are plaintiffs indebted to defendants, as alleged in the defendant's counterclaim, and if so, in what amount? Answer: "No."

The case was before this Court at Spring Term, 1913, on appeal by the plaintiff from a judgment of nonsuit, and a new trial was ordered because of error in granting the nonsuit (162 N. C., 471), the court having dismissed the action because plaintiffs were not the owners of

the notes when the action was commenced. We held that there was evidence of such ownership which must be taken as true, and remanded the case for another trial. On the last trial the defendant, among other defenses, relied upon an arbitration and award as binding upon the plaintiff, and contended that the award showed that plaintiff had not complied with their contract in furnishing and installing the heating plant according to specifications. The court excluded the award from the consideration of the jury, and defendant excepted. There were other exceptions which will be stated and considered hereafter, so far as they are material.

Judgment was entered upon the verdict, and the defendant appealed.

*Lee & Ford for plaintiffs.*

*Marcus Erwin, James H. Merrimon, and Mark W. Brown for defendants.*

WALKER, J., after stating the case: If it is conceded, for the sake of discussion, that there is sufficient evidence of a submission of this controversy to arbitration, we are of the opinion that the attempted award was invalid. The averment and proof of the making of an agreement of submission and its contents constitute necessarily the first step towards enforcing the award. The validity of the award is primarily and essentially dependent upon the agreement of the parties. Ordinarily this will be easily proved by a production of the paper, if it was written; but if no submission be produced, and there be no evidence of it, the mere fact of the existence of an instrument purporting to be an award, though ancient, will not be allowed to have any effect. The instrument will not be treated as having the force of an award. Morse on Arbitration and Award (1872), p. 601. But when there has been a proper submission, either in writing when required or orally when not necessary for it to be written, it must be followed by a consideration of the matters submitted and an award of the arbitrators. This instrument, or award, need not be in any particular form, unless the articles of submission prescribe that certain formalities shall be observed in the execution of it; but otherwise the arbitrators may express their conclusion, or the final result of their deliberations, in any form they choose, as no special formula is required and no technical characteristics are essential to its validity. Any language which states an actual decision is sufficient, provided the terms of that decision can be understood and are so expressed that they can be enforced. The decision, of course, must be final and intelligible, and not couched in any conditional, obscure, or dubious form. It is sufficient, though, if the intention of the arbitrators can fairly be gathered from the award. Watson on Arb. and Award;

BALL *v.* McCormack.

p. 251 *et seq.*; 3 Cyc., 664. "The certainty of an award is one of its indispensable and essential properties; if lacking in this requisite it cannot be sustained. It must be complete and definite. It must leave open no loophole for future dispute and litigation. It should, as a general rule, leave nothing to be performed but the mere ministerial acts needed to carry it into effect. It should be certain as a judgment of court. The object of an arbitration is to prevent future dispute, and this object can hardly be said to be carried into effect when, in defining rights of the parties, terms are used which might require another lawsuit to fix their meaning." 2 Ruling Case Law, p. 384, sec. 30.

We are of the opinion that the paper-writing signed by G. L. Guischard and J. W. Grimes does not constitute a valid and binding award, and the judge properly ignored it. It does not profess to decide anything definite as to what should be done, but in that respect is indefinite and wholly uncertain. The arbitrators took the advice of a supposed expert, who gave them certain figures, based upon his estimation, as to shortage of heat radiation, and also advised that, in his opinion, the pipes would have to be changed; but how and to what extent is not mentioned. What is claimed as an award seems to be only a statement of certain facts as to conditions found to exist, and a reference to the opinion of the expert. There is no sufficient determination as to what should be done by the plaintiffs or as to how much they should pay, or allow as a deduction from their claim, for any deficiency in the work of installation or in the results obtained. If this paper were accepted as an award, it would not end litigation, but prolong it. There would at once be controversy as to what it means, and what, and how much, is required by it to be done to supply any shortcoming of the plaintiffs. Besides, it is not the formulated judgment of the arbitrators, but merely the opinion of Mr. Way, the expert. The alleged award left open and unsettled the very thing in dispute.

The Andrews circular of specifications, if irregularly introduced, could not have worked any harm to the defendants. There was no question as to what the contract was, and its content was clearly stated to the jury by the court. They could not have been misled as to what they were called upon to decide. We may also say that, after reading the entire evidence, it does not appear that the paper was not sufficiently identified, even if it was not harmless.

The testimony of the witness LeRoy Ball, as to what was said by the workman when he returned from defendant's home, was not prejudicial, if incompetent, as Ball stated just previously, and without objection, the same thing in substance, and perhaps in a more positive way, when he spoke of McCormack's refusal of his offer to do the extra

work if that would end the controversy. Courts will not order rever-
sals upon grounds which do not affect the real merits and where no
substantial prejudice will result. Litigation would be interminable if
any other course were adopted, and the administration of justice
greatly delayed. We have not considered, it being unnecessary to do
so, whether the answer was competent or whether the objection was
too late. We do not see how it was prejudicial to exclude an answer
of the witness J. B. Merrimon that he had said something to some
person who had talked with him, nor that what he said to Ball and
Thrash was material, and it does not appear what was said so that
we can see its relevancy. The witness had gone over the transaction
very carefully in his testimony, and it appears that he covered the
ground very fully, and was called to the stand twice by the defendants.
Besides, the judge, perhaps, thought that enough had been said upon
the subject, and stopped further examination. At any rate, we do not
perceive that there was any prejudice sufficient to warrant a reversal.

The court was not requested to read the stenographer's notes of the
evidence to the jury, if he was compelled to do so had such a request
been made. He sufficiently complied with the statute (Revisal, sec.
535) by stating the substance of the evidence to the jury. *Simmons v.
Davenport,* 140 N. C., 407.

There were many exceptions to the charge, but none of sufficient
merit to establish any substantial error. The jury could not have mis-
understood the issues, and the court stated to them with sufficient full-
ness and accuracy the question as to the ownership of the notes,
construing the charge as a whole, the only proper way to view it
(*Kornegay v. R. R.,* 154 N. C., 389). The defendant was not injured
if the court placed the burden upon the plaintiff to prove the defend-
ant's contention; but we do not think this was done. It was merely
stated that if the plaintiffs had failed to satisfy the jury that they
had complied with their contract, and the jury so find, their answer
to the first issue would be "Nothing"; but if they had performed the
contract the plaintiff would be entitled to recover the amount of the
notes. The contract was entire, and plaintiff must have shown full
performance in order to recover upon the contract itself, and according
to its terms, that is, in order to recover the price fixed by it for the
work '(*Tussey v. Owen,* 139 N. C., 457), and the court so charged the
jury, if we give a reasonable interpretation, as we should do, to what
was said.

We need not discuss the principles stated in *Steamboat Co. v. Trans-
portation Co.,* 166 N. C., 582, or *Gorman v. Bellamy,* 82 N. C., 497;
*Chamblee v. Baker,* 95 N. C., 98; *Dumott v. Jones,* 23 Howard (U. S.),
220, and the other cases cited therein, as the jury have evidently found

in this case that plaintiffs had performed their part of the contract, having given their verdict for the full amount of the notes, with interest, in response to the first issue, and having answered the third issue, as to the counterclaim, against the defendant. If the court told the jury that plaintiffs might recover for what their work was reasonably worth, the jury have not returned a verdict for such a sum, but for the full amount claimed by plaintiffs to be due on the notes, thereby clearly finding that there had been a full compliance with the contract by the plaintiff.

If there was any unintentional misrecital of the evidence, it should have been called to the attention of the court at the time, so that it might be corrected; and the same may be said in regard to the statement of any contention of the parties. *S. v. Blackwell,* 162 N. C., 672; *Jeffress v. R. R.,* 158 N. C., at p. 223; *S. v. Cox,* 153 N. C., 638; *S. v. Lance,* 166 N. C., 411; *Bank v. Wilson,* 168 N. C., 557.

The case has been fairly submitted to the jury by the court, upon the issues and contentions of the parties and upon the evidence, and the law bearing upon it has been correctly stated for their guidance. They have manifestly decided the facts against the defendant, in the first place, that the plaintiffs owned and held the notes at the commencement of this action, and, in the second, that they had fulfilled the contract, which entitled them to recover the full amount of the notes. We find no error in the record; but if there was any slight departure from the straight line of the law, it surely did not affect the result and affords no ground for a reversal. *Smith v. Hancock, ante,* 150. We, therefore, affirm the judgment.

No error.