A. J. HIGGINS LUMBER AND EXPORT COMPANY, Inc., v. ELIZABETH CITY SHIPYARD COMPANY.

(Filed 3 June, 1921.)

1. **Courts—Discretion—Argument to Jury—Opening and Conclusion—Trials.**

    Where both parties to the action have introduced evidence on the trial, the right to open and conclude argument is discretionary with the trial judge, and not reviewable on appeal. Supreme Court Rules Nos. 3 and 6. 164 N. C., 562-3.

2. **Evidence—Accounts—Admissions—Appeal and Error—Trials.**

    Where itemized statements of accounts are involved in the matters in controversy in an action, an exception that they were not verified according to law becomes immaterial when they are admitted to be correct by the appellant.

3. **Evidence—Nonsuit—Trials.**

    Where the plaintiff's claim for lumber sold and delivered to the defendant is admitted by the latter, who sets up a counterclaim in damages, his motion for judgment as of nonsuit upon the evidence cannot be sustained.

4. **Issues—Evidence—Admissions—Statements of Account—Appeal and Error.**

    Where the only question presented on the trial is whether the defendant is entitled to recover damages as a deduction from the contract price of lumber sold and delivered to him, it will not be held for error that it was submitted on one issue; and nothing else appearing, it will be-

presumed, on appeal, that the question was presented under correct instructions from the court, and the issue correctly answered in the verdict.

APPEAL by defendant from *Calvert, J.,* at the November Term, 1920, of PASQUOTANK.

The plaintiff brought this action against the defendant for lumber sold and delivered and for which the defendant agreed to pay a specified price. The defendant admitted the purchase of lumber and the price agreed upon, but alleged that the lumber actually received was not 90 per cent heart as purchased, as a result of which the defendant had been damaged to the extent set up in its counterclaim. The defendant, therefore, asked for the recovery of damages upon its counterclaim.

At the beginning of the action the defendant admitted having ordered from the plaintiff the quality and character of lumber described in the complaint, and having agreed to pay for the same upon delivery the price set out therein, and stated that its only contention was that the lumber delivered was not of the character contracted for, by reason of which it had been damaged as set out in its counterclaim, and asked upon this admission that it be allowed to take the burden and the opening and conclusion in the introduction of evidence and the argument of the case. The court declined, stating that the burden of proof was on the plaintiff to show that the lumber delivered was of quality contracted for.

The defendant excepted. Both plaintiff and defendant introduced evidence. The amount of the plaintiff's demand is $2,420.72, and of the defendant's counterclaim, $1,250.

The plaintiff introduced verified statements of the accounts of the sales of lumber, and the defendant excepted because not verified according to law.

The defendant made a motion for judgment of nonsuit, which was overruled, and defendant excepted. It also tendered an issue on its counterclaim and excepted to the refusal to submit it.

The jury returned the following verdict:

"1. Is defendant indebted to plaintiff, and if so, in what sum? A. '$1,936.57.' "

There was a judgment for the plaintiff on the verdict, and the defendant appealed.

*Meekins & McMullan and George J. Spence for plaintiff.*
*Ehringhaus & Small for defendant.*

ALLEN, J. 1. Both parties having introduced evidence on the trial, the determination of the right to open and conclude the argument was

discretionary, and is not reviewable. See Rules 3 and 6 of Superior Court, approved by Supreme Court, 164 N. C., 562-3.

2. It was not necessary to introduce the itemized statements of accounts, but they could not have been prejudicial to the defendant, because they showed nothing except the quantity of lumber bought by the defendant, the price agreed on, and the total, all of which was admitted by the defendant.

3. This admission also made it impossible to grant the motion for judgment of nonsuit, as did also the tender in the answer of judgment in favor of the plaintiff for $1,225.

4. Ordinarily the defendant would have been entitled to a separate issue on its counterclaim, but it appears from the record that the defendant was not asking for an affirmative judgment, but was seeking to reduce the plaintiff's demand by the matters alleged in the answer, and this contention of the defendant could well be presented under the issue submitted to the jury, and we must presume this was done, under fair and proper instructions, as the charge is not sent to this Court.

Indeed, it appears the counterclaim was allowed in part, as the plaintiff's demand, which was admitted, amounts to $2,420.72, and the verdict is for $1,936.57, which cannot be reconciled except upon the theory that the difference between the two amounts, $484.15, is the damages awarded the defendant on the counterclaim.

We find no error committed on the trial.

No error.