W. REUBEN RUDD v. AMERICAN FIDELITY AND CASUALTY
COMPANY.

(Filed 15 June, 1932.)

**1. Appeal and Error J e—Reception of incompetent evidence to prove an admitted fact will not be held for reversible error.**

Where in an action against an insurance company the plaintiff alleges that the driver of an automobile covered by a policy of liability insurance issued by the defendant had negligently inflicted the injury in suit and that execution against the driver had been returned unsatisfied, and the insurance company admits the issuance of the policy and that it was in force at the time of the injury, and admits liability to the extent of the judgment if the policy covered the particular car the insured was driving at the time of the accident: *Held*, if incompetent evidence was received at the trial upon matters which the defendant had admitted the reception of such evidence will not be held for reversible error.

**2. Trial D c— Conflicting evidence held to have raised issue of fact determinative by the verdict of the jury.**

Where the identity of an automobile in a collision as the one covered by an accident indemnity policy is the determinative question involved at the trial, the issue is for the jury under conflicting evidence, and its verdict thereon is determinative.

**3. Appeal and Error J d—Appellant must show that alleged error was prejudicial.**

The appellant must show not only that error had been committed upon the trial in the lower court, but also that the alleged error was prejudicial.

**4. Insurance P b—Agent's testimony of renewal held competent in corroboration of plaintiff's contention that car was covered by the policy.**

The testimony of an insurance agent of the renewal of a policy of automobile liability insurance, of which he had personal knowledge, is held competent as corroborative evidence of the plaintiff's contention that the car causing the injury in suit was the car covered in the renewal policy.

APPEAL by defendant from *Warlick, J.,* at August-September Term, 1931, of GUILFORD.

On 24 December, 1928, a collision occurred on Highway No. 70, north of Greensboro, between a car driven by the plaintiff and one driven by R. L. Holmes. The plaintiff was injured. He brought suit against Holmes and recovered a judgment, but on appeal to this Court a new trial was granted. 198 N. C., 640. In the second trial the plaintiff again prevailed, and on appeal the judgment was affirmed. 199 N. C., 813. An execution was issued on this judgment and returned unsatisfied.

The American Fidelity and Casualty Company, defendant in this action, was the underwriter or insurance carrier of R. L. Holmes. Upon

return of the unsatisfied execution the plaintiff instituted the present action. The nature of the controversy may be seen by reference to the verdict, which is as follows:

1. Was the Packard automobile involved in the collision in which the plaintiff, W. Reuben Rudd, was injured, covered by the terms of a policy of insurance issued by the defendant, the American Fidelity and Casualty Company, and in full force and effect at the time of the collision? Answer: Yes.

2. If so, has there been any breach of the terms of the said policy of insurance by the said R. L. Holmes, which vitiated or invalidated the policy thereafter? Answer: No.

3. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: $2,500 principal, and $202.20 cost and interest, from 9 August, 1930, at 6% and cost of this action.

It was agreed by the parties that if the first two issues were answered in favor of the plaintiff the answer to the third issue should be as set out in the verdict. Judgment was awarded the plaintiff from which the defendant appealed upon assigned error.

*H. R. Stanley for plaintiff.*
*John W. Hester and F. Glenn Henderson for defendant.*

ADAMS, J. The plaintiff offered in evidence a paper, the service of which had been accepted, purporting to be a notice to the defendant to produce at the trial the original, or duplicate original, or standard form policy, of insurance, by which R. L. Holmes was insured against liability for personal injury sustained by third persons and property damage arising out of the use, operation, and maintenance of an automobile therein described — the policy having been delivered to Holmes on or before 24 December, 1928. In addition, the plaintiff offered secondary evidence of the contents of the policy which, it was claimed, had been lost or destroyed. The defendant's exceptions to the admission of this evidence are the ninth and thirteenth.

Primarily the defendant takes the position that the plaintiff has no rights superior to those of the assured, *Peeler v. Casualty Co.,* 197 N. C., 286; that the injury complained of must be within the terms of the policy; that it is incumbent upon the plaintiff to show that the parties intended to insure the particular automobile that caused the plaintiff's injury; and, further, that the defendant's liability is limited to the car named in the policy. All this may be granted. The evidence is that the injury was caused by Holmes's negligent operation of a Packard car. We must, therefore, turn to the specific objections which

are urged against the competency of evidence tending to show the contents of the policy of insurance.

It is first contended that the plaintiff must elect between two theories: that of a lost policy in the possession of the assured and that of a policy held adversely by the defendant. It is also contended that incompetent secondary evidence was admitted to prove the issuance of a policy by the defendant covering the liability established by the judgment in *Rudd v. Holmes, supra.*

Suppose we assume, certainly, without deciding, that technical error was committed: is the defendant prejudiced? We think not. In his complaint the plaintiff alleged that sometime prior to 25 December, 1928, the defendant issued its policy of insurance to one R. L. Holmes, and the defendant answered as follows:

"It is admitted that the defendant issued a policy of insurance to R. L. Holmes, of Reidsville, N. C., therein agreeing to insure the said R. L. Holmes against liability for bodily injuries and property damages arising out of the ownership, maintenance and use of a certain automobile therein described."

And the following admission was entered of record by the defendant's counsel: "It is admitted that the policy was outstanding on 24 December, 1928. I will admit this if your Honor please. I will make this admission. I admit that if the car involved in the action was covered by a policy issued by the defendant, said policy was issued on 20 March, 1928, and that the limit of said policy was in such sum as would have covered the judgment of the plaintiff in this action against R. L. Holmes."

The defendant insured Holmes against liability arising out of his operation of a car; the policy was issued on 20 March, 1928; its terms covered the plaintiff's judgment; it was outstanding when the injury occurred. All the essential elements of liability are admitted except the identity of the car and the assured's compliance with the terms of the policy. The matters embraced in the last two propositions are determined by the jury's answer to the first and second issues.

The nonidentity of the car by which the plaintiff was injured as the car described in the policy was the chief point of defense. The defendant's evidence tended to show that Holmes applied for a certificate of title to a Buick sedan on 28 September, 1926; that this was the only car registered in his name on 24 December, 1928, when the collision occurred; and that the Packard was purchased on 28 December, 1928. The plaintiff's evidence was to the effect that Holmes had one Packard sedan; that he called upon the defendant's agent before the collision to renew the policy for this car when it expired, that the agent renewed

it on 20 March, 1928; and that Holmes was driving this car at the time of the injury. The conflicting evidence was resolved in favor of the plaintiff as indicated by the answer to the first issue.

Under these circumstances we cannot say as a legal inference that the defendant was prejudiced by the admission of the evidence to which the ninth and thirteenth exceptions are addressed. An appellant must not only show error; he must show that the error was prejudicial. *Quelch v. Futch,* 175 N. C., 694; *In re Craven,* 169 N. C., 561; *Ferebee v. Berry,* 168 N. C., 281; *S. v. Smith,* 164 N. C., 475. The reception of incompetent evidence to prove an admitted fact is not cause for disturbing the result of a trial. *Brown v. McKee,* 108 N. C., 387; *Fisher v. Brown,* 135 N. C., 198; *Bag Co. v. Grocery Co.,* 171 N. C., 764; *Lumber Co. v. Elizabeth City,* 181 N. C., 442. The reversal of a judgment will not be ordered upon grounds which do not affect the merits of the cause. *Ball v. McCormack,* 172 N. C., 677.

We have given consideration to other exceptions taken by the defendant. To the reception of the contract of agency between the defendant and Lovelace we discover no valid objection. The testimony of Lovelace, the agent, concerning his renewal in March, 1929, of a policy formally issued to Holmes by the defendant was competent in corroboration of the plaintiff's contention that the Packard sedan was within the terms of the policy issued on 20 March, 1928. The material fact was his renewal of the policy and of this he had personal knowledge.

Upon a review of all the exceptions discussed in the defendant's brief we find

No error.