In the Matter of the Will of ELLEN J. CRAWFORD.

(Filed 22 May, 1957.)

**1. Appeal and Error § 41—**

While it is error to admit in a caveat proceeding propounder's evidence of the probate of the instrument in common form, where the caveators incorporate by reference and attachment to their pleading the record of probate and the will itself, they cannot be heard to complain.

**2. Trial § 32—**

Where the court gives equal stress to the evidence and contentions of the parties, a party desiring correction, amplification or additional instructions should aptly tender request therefor, and failure to do so waives the right to object.

**3. Wills § 25—**

An instruction in a caveat proceeding that a caveat is a caution entered in the court of probate to stop probate from being granted without the knowledge of the parties in interest, *held* not prejudicial.

**4. Wills § 24—**

Testimony of two witnesses to the formal execution of a paper writing and that they, in the presence of testatrix and at her request, signed as subscribing witnesses, and testimony of three witnesses that the paper writing was entirely in the handwriting of deceased, with testimony that

it was delivered to a named person for safekeeping as the will of testatrix, is sufficient to sustain the instrument both as an attested and as a holograph will.

**5. Wills § 8—**

A beneficiary under a holograph will is not disqualified to testify as to the handwriting of testatrix.    G.S. 31-10(b).

**6. Wills § 12—**

Evidence of the preparation of a later dispositive instrument, without evidence that it was ever executed according to the formalities necessary to make it a valid will and without evidence that it contained any words of revocation or provisions contrary to a prior will, duly executed, is insufficient evidence of revocation of the will to justify the submission of the question of revocation to the jury.    G.S. 31-5.1.

**7. Trial § 31b—**

A charge is sufficient if, when read contextually, the law of the case is presented to the jury in such manner as to leave no reasonable cause to believe the jury was misled or misinformed.

APPEAL by caveators from *Froneberger, J.,* October, 1956 Term, McDOWELL Superior Court.

Issue of *devisavit vel non* raised by caveat to the will of Ellen J. Crawford upon the ground the paper writing dated 26 April, 1955, (1) was not attested in the manner required by law, (2) was not wholly and entirely in the handwriting of Ellen J. Crawford, (3) was revoked by a will subsequently executed, and (4) was never re-executed after the revocation.   Attached to the caveat and made a part of it were the will and the clerk's order of probate.

The propounder introduced the evidence of the two subscribing witnesses to the will and three witnesses to the handwriting of the testatrix. One of the witnesses to the handwriting was the principal beneficiary under the will.   The propounder also offered evidence that the will was left with Mrs. Eva Lewis for safekeeping.

The caveators offered evidence that subsequent to 26 April, 1955, the testatrix wrote a second will which Mrs. R. I. Corbett witnessed on 18 August, 1955, that this second will was in the handwriting of Ellen J. Crawford who stated that she was dissatisfied with her former will and that she was making some changes in it.

The jury answered the issue in favor of the propounder and from judgment accordingly, the caveators appealed.

*Paul J. Story, for caveators, appellants.*
*Proctor & Dameron,*
*George Pennell, for propounder, appellee.*

Higgins, J. Upon the trial the propounder, over objection, offered in evidence the probate proceeding before the clerk, including the will. There is no question but that the probate of a will in common form before the clerk is inadmissible as evidence on an issue of *devisavit vel non* raised by a caveat. *In re Will of Etheridge*, 231 N.C. 502, 57 S.E. 2d 768; *Wells v. Odum*, 205 N.C. 110, 170 S.E. 145. Probate in common form is *ex parte*. Caveators are not before the court and hence not bound by the proceeding. *In re Will of Chisman*, 175 N.C. 420, 95 S.E. 769. "It is well settled that the probate of a will in common form is incompetent as evidence of its validity on an issue of *devisavit vel non* raised by a caveat filed to said will." *In re Will of Williams*, 215 N.C. 259, 1 S.E. 2d 857.

The caveat filed in this case contains the following:

"The caveators (naming them) respectfully show unto the court:

"2. That on the 23rd day of September 1955, one Nancy Ellen Stoner Pumphrey presented to the Court a paper writing purporting to be the Last Will and Testament of the said Ellen J. Crawford, the same being in words and figures as set out in the paper writing *hereto attached, marked Exhibit A, and asked to be taken as a part hereof.* (emphasis added)

"3. That the said Nancy Ellen Stoner Pumphrey alleged that the said paper writing was the Last Will and Testament of the said Ellen J. Crawford, deceased, and procured the same to be admitted to probate in common form as such Last Will and Testament, *copy of the order of probate being attached to Exhibit A, and being a part thereof.*" (emphasis added)

The caveators thus identified and placed before the court the record of probate and the will itself. The identity and content of the documents became a judicial admission on the part of the caveators. Having asked the court to take notice of them, the caveators cannot be heard to complain that they were placed before the jury. "The reception of incompetent evidence to prove an admitted fact is not cause for disturbing the result of a trial." *Rudd v. Casualty Co.*, 202 N.C. 779, 164 S.E. 345; *Lumber Co. v. Elizabeth City*, 181 N.C. 442, 107 S.E. 449; *Bag Co. v. Grocery Co.*, 171 N.C. 764, 88 S.E. 512; *Fisher v. Brown*, 135 N.C. 198, 47 S.E. 398; *Brown v. McKee*, 108 N.C. 387, 13 S.E. 8; see also *Redd v. Nurseries*, 241 N.C. 385, 85 S.E. 2d 311; *McCorkle v. Beatty*, 226 N.C. 338, 38 S.E. 2d 102; *Allen v. Allen*, 213 N.C. 264, 195 S.E. 801.

The appellants' assignments of error based on exceptions to the court's review of the evidence and statement of contentions cannot be

sustained. Equal stress was given to the evidence and the contentions of the parties. They had opportunity to request correction, amplification, or additional instruction if deemed desirable. Failure to make the request waived the right to object. *Ellis v. Wellons*, 224 N.C. 269, 29 S.E. 2d 884; *Davis v. Keen*, 142 N.C. 496, 55 S.E. 359; *Simmons v. Davenport*, 140 N.C. 407, 53 S.E. 225.

By assignment of error No. 6 the appellants challenge the following definition in the court's charge to the jury: "A caveat is a caution entered in the court of probate to stop probate from being granted without the knowledge of the parties at interest." Black's Law Dictionary, 4th Ed., defines caveat: "Let him beware. This process may be used in the probate courts to prevent (temporarily or provisionally) the probate of a will." Whether the court's definition is entirely accurate is immaterial. The caveat challenges the validity of the will and placed upon the propounder the burden of proving its formal execution in conformity with statutory requirements. Thus arose the issue *devisavit vel non*. That is, did the testatrix devise, and is the paper offered her will?

The right to bequeath and to devise property by will is statutory. In order to be valid a will must be attested by at least two competent witnesses, G.S. 31-3.3; or it must be entirely in the handwriting of the testator and found among his valuable papers, or placed in the possession of some person or depository for safekeeping. G.S. 31-3.4. The propounder offered as witnesses Barbara Jean Harris and Mrs. Eva Lewis who testified to the formal execution of the will and that they, in the presence of the testatrix and at her request, signed as the subscribing witnesses. They also testified that the will, in its entirety, is in the handwriting of Ellen J. Crawford and that it was delivered to Mrs. Lewis by the testatrix three days before her death with instructions that it be delivered to Mrs. Pumphrey; and that these instructions were carried out.

The evidence offered by the propounder was sufficient to go to the jury and to sustain the will both as an attested and as a holograph will. Mrs. Pumphrey, though a beneficiary under the will, was not disqualified to testify as to the handwriting of the testatrix. G.S. 31-10(b); *In re Westfeldt*, 188 N.C. 702, 125 S.E. 531; *Cornelius v. Brawley*, 109 N.C. 542, 14 S.E. 78; *Hampton v. Hardin*, 88 N.C. 592.

The appellants urgently contend, however, that the paper writing offered for probate and which bears date 26 April, 1955, was revoked by a subsequent will. In support, they offered as a witness Mrs. R. I. Corbett who testified that on 18 August, 1955, the testatrix called the witness to the former's home and the following took place: "When I got there Miss Ellen told me that she had been working on her will and that she had been dissatisfied with some things and that she had her will

ready and she wanted me to witness it and go over it with her. She had a paper with her then that she said was her will. Her name appeared in it. . . . It was written in Miss Ellen's handwriting. . . . The will was written on a long white paper, written on one page, . . . The original paper writing which you now show me . . . is not the paper writing which I witnessed on August 18, 1955." The witness remembered that Miss Ellen had misspelled a word and had drawn a line through it, and misspelled it again and drew another line through it. She remembered also that in the writing she witnessed, an article of furniture was given to Laura Ellen Lowe; and that request was made that the Crawford place be bought by some member of the family. In the will offered for probate Laura Ellen Carson Lowe was given, among other things, "Mama's rocking chair"; and further provided: "It is my wish that the home place is sold to no one outside the C. W. Crawford family."

On cross-examination, the witness testified: "I have read the paper twice that has been offered in evidence here. What she told me about it was substantially the same as what is in this paper."

What became of the paper witnessed by Mrs. Corbett does not appear. There is no evidence that any other attesting witness signed it. While the evidence of Mrs. Corbett indicated the document was in the handwriting of Ellen J. Crawford, there was no evidence it was found among her valuable papers, or that it was "lodged" by the maker with some person or depository for safekeeping. Therefore, evidence is lacking that the paper writing witnessed by Mrs. Corbett was executed according to the formalities necessary to make it a valid will. It was, therefore, ineffective as a revocatory instrument. "A written will or any part thereof may be revoked only (1) by a subsequent will or codicil or other revocatory writing executed in the manner provided herein for the execution of written wills, or (2) by being burnt, torn, canceled, obliterated, or destroyed with the intent and for the purpose of revoking it by the testator himself or by another person in his presence and by his direction." G.S. 31-5.1. Evidence of revocation, therefore, was insufficient to justify the submission of that phase of the case to the jury. *In re Will of Evans*, 223 N.C. 206, 25 S.E. 2d 556. The caveators had the benefit of having the question of revocation considered by the jury, notwithstanding there was no evidence to support the contention. The paper writing witnessed by Mrs. Corbett contained no words of revocation. Its provisions were not in conflict with the will offered for probate. *In re Wolfe*, 185 N.C. 563, 117 S.E. 804; *In re Venable's Will*, 127 N.C. 344, 37 S.E. 465. As she was leaving for the hospital three days before her death, the testatrix placed the will in the hands of Mrs. Lewis for safekeeping. This act was wholly inconsistent with any idea of revocation.

The court instructed the jury fully with respect to the principles of law applicable to the evidence offered and properly placed the burden of proof. "The charge is sufficient if, when read contextually, it clearly appears that the law of the case was presented to the jury in such manner as to leave no reasonable cause to believe it was misled or misinformed with respect thereto." *Barnes v. Caulbourne*, 240 N.C. 721, 83 S.E. 2d 898; *Vincent v. Woody*, 238 N.C. 118, 76 S.E. 2d 356. We have examined carefully all assignments of error brought forward and discussed in the excellent brief filed by the caveators. The record, however, discloses

No error.