DAVID LUPTON v. J. J. DAY, ADELAIDE DAY, ELBRIDGE DANIELS, WILBUR HUDNELL, MACK LEWIS, AND DAWSON DELEMAR.

(Filed 7 April, 1937.)

1. **Evidence § 42f—Allegations of the complaint admitted in the answer may be introduced in evidence.**

Where the answer admits the allegations of a paragraph of the complaint, plaintiff may introduce in evidence the admission in the answer and also the paragraph of the complaint admitted, and where the answer contains a qualified admission, that portion of the corresponding allegation of the complaint may be admitted to explain the relevancy of the admission.

**2. Same—Allegations of complaint may be admitted in evidence only against defendants admitting the truth of the allegations.**

In their answer, one defendant admitted the allegations of fact in a paragraph of the complaint and testified on the trial in accordance therewith, but another defendant did not admit the allegations or introduce evidence in regard thereto. *Held:* The introduction of the paragraph of the complaint was harmless as to the defendant admitting its allegations, but constitutes prejudicial error as to the other defendant, since as against such other defendant the paragraph was a self-serving declaration on the part of plaintiff.

APPEAL by defendants J. J. Day and Adelaide Day from *Sinclair, J.,* at December Term, 1936, of CARTERET. Partial new trial.

This was an action for wrongful and malicious injury to plaintiff's boat by removing same from its moorings and causing it to sink.

Upon issues submitted, the jury returned verdict that the defendants J. J. Day and his wife, Adelaide Day, were liable for the injury to the boat, and awarded the plaintiff both compensatory and punitive damages. The other named defendants were eliminated from the case during the trial.

From judgment on the verdict, defendants J. J. Day and Adelaide Day appealed.

*Luther H. Hamilton and R. E. Whitehurst for plaintiff.*
*F. C. Harding, C. R. Wheatly, and J. F. Duncan for defendants.*

DEVIN, J. The appellants assign as error the ruling of the court below in permitting, over their objection, the introduction in evidence by the plaintiff of paragraph 8 of his complaint.

Paragraph 8 of the complaint is as follows: "That the defendants, jointly and severally, acting one with another, willfully, maliciously, and unlawfully, without the knowledge or consent, and in violation of the plaintiff's desires and rights, on or about 6 February, 1936, pulled said boat away from its moorings and towed it between one-half and one mile in the deep water up Smith's Creek, a tributary of Neuse River, which said creek at the point said boat was carried is salt water, and there caused and permitted the boat to sink."

To this paragraph of the complaint the defendants answered as follows: "The defendants, answering the 8th paragraph of the complaint, deny that they jointly or severally acted one with another, willfully, maliciously, and unlawfully, without the knowledge or consent and in violation of the plaintiff's rights, or did anything whatsoever to injure or damage said boat. Further answering said 8th paragraph of the complaint, these defendants say that the said J. J. Day, acting in good faith on this information received from Captain Whitford, requested

the defendants Elbridge Daniels and Wilbur Hudnell and Mack Lewis and Dawson Delemar to aid and assist him in moving the said 'Mildred B' from its position, which partly blocked the ingress and egress of the Day dock. Further answering said 8th paragraph of the complaint, these defendants say that the defendant Adelaide Day took no part nor did she in any way advise with or encourage the moving of said boat, and that the said Adelaide Day had no knowledge that said boat was being moved."

The plaintiff was properly permitted to offer in evidence the admission in the answer that defendant J. J. Day requested certain of the defendants (other than Adelaide Day) to assist him in moving the boat. This was competent, certainly against J. J. Day. But the introduction of a paragraph of the complaint which was denied in the answer violated the rule against permitting one to make evidence for himself by the production of self-serving declarations. Lockhart on Ev., par. 159, 1 A. L. R., 42, *et seq.* (note).

The denial in the answer of the fact alleged in the complaint puts the controverted fact in issue, and neither is the denial evidence against nor the plaintiff's allegation evidence for the truth of the disputed fact to be determined by the jury. *Jackson v. Love,* 82 N. C., 405.

It has been uniformly held by this Court that a party may offer in evidence a portion of his adversary's pleading containing the admission of a distinct and separate fact, relevant to the inquiry, without being required to introduce accompanying qualifying or explanatory matter. *Sears Roebuck & Co. v. Banking Co.,* 191 N. C., 500, and cases there cited.

And when the answer contains a categorical admission of an allegation, the same rule permits the introduction of the allegation in the complaint for the purpose of showing what was admitted; and further, when the answer contains a qualified admission, that portion of the corresponding allegation of the complaint which tends to explain the relevancy of the admission may become competent. *Lewis v. R. R.,* 132 N. C., 382; *Modlin v. Ins. Co.,* 151 N. C., 35.

But this wholesome rule does not go to the extent of permitting the plaintiff to introduce as competent evidence his own allegation of a material fact which is denied in the answer.

In the instant case the defendant J. J. Day admitted in the answer and testified on the trial that he authorized the removal of the boat, and based his defense on his right to move it and the absence of consequent injury to the plaintiff. These questions were determined against him by the jury, and hence the introduction in evidence of the paragraph of the complaint was, as to him, immaterial and harmless, and the assignment of error therefor, on his part, cannot be sustained.

But in the case of defendant Adelaide Day, there was neither admission in the answer nor testimony on the trial that she performed any act in respect to moving the boat, or was present at the time, or counseled or procured its removal. So that the introduction in evidence of the material allegation that "the defendants (including Adelaide Day) jointly and severally, acting one with another, willfully, maliciously, and unlawfully and in violation of the rights of the plaintiff" moved said boat and caused it to sink, constituted prejudicial error, for which she is entitled to a new trial.

For the reasons stated, we conclude that there was in the trial, as to defendant J. J. Day, no error; and that as to defendant Adelaide Day there must be a new trial upon the issue as to her liability for the alleged injury to plaintiff's boat.

Partial new trial.