JESSE J. McDOWELL AND WIFE, ANNIE McDOWELL, v. HARVEY STALEY AND WIFE, LILLIE STALEY.

(Filed 2 November, 1949.)

**1. Evidence § 29½—**

A party is entitled to introduce in evidence that part of a paragraph in the pleading of the adverse party which makes an admission of an independent fact, without introducing in evidence the remainder of the allegations in the paragraph.

**2. Partition § 5d: Ejectment § 17—**

Defendants in partition who plead sole seizin are not entitled to nonsuit on the ground that plaintiff had introduced in evidence deed conveying the property to them, since the introduction of the deed admits its execution, but not necessarily the truth of its recitals or its legal effect. In the present case plaintiff claimed as an heir-at-law, and the deed introduced in evidence recited that the grantors therein derived title as heirs of the same ancestor, and supported plaintiff's contention that he had not conveyed his interest in the land.

APPEAL by defendants from *McSwain, Special Judge,* at January Term, 1949, of RANDOLPH. No error.

This was a petition for partition of a tract of land containing 41 acres. Plaintiff Jesse J. McDowell alleged title to a one-thirteenth undivided interest in this land as son and one of the heirs at law of J. Riley McDowell who died seized thereof in 1936. It was alleged that defendants owned the remaining twelve-thirteenths interest in said land. In their original answer, in the third parargaph, defendants admitted that plaintiff was one of the heirs of J. Riley McDowell who died seized of the land described and was entitled to a one-thirteenth interest in all the lands descended from his father, but in an amended answer defendants denied plaintiffs' title to any interest in the land and alleged title to the entire interest therein in themselves under a deed from P. W. Hulin and wife in 1943.

Plaintiff Jesse J. McDowell testified he had never made any conveyance of his interest in the land described. He also offered in evidence paragraph 3 of the original answer, and so much of paragraph 3 of the amended answer as admitted that J. Riley McDowell died seized of the lands described. Plaintiffs also offered the deed from Hulin and wife

to the defendants which recited that the land had been conveyed to Hulin and wife by Val McDowell, Lizzie McDowell and C. L. McDowell. Hulin's grantors were some of the heirs of J. Riley McDowell. One issue was submitted to the jury and answered as follows: "Is the plaintiff the owner of $\frac{1}{13}$ interest in the lands described in the complaint? Answer: Yes."

From judgment on the verdict defendants appealed.

*H. Wade Yates for plaintiffs, appellees.*
*J. G. Prevette for defendants, appellants.*

Devin, J. The defendants in their appeal raise two questions:

1. Did the court err in admitting only a portion of paragraph 3 of defendants' amended answer? As the admission was of a distinct fact, to wit, that the ancestor from whom plaintiff derived title died seized of the land described, it was competent for the plaintiff to offer this without adding the other allegations in the paragraph in which defendants asserted title in themselves to the entire interest in the land. *Lupton v. Day,* 211 N.C. 443, 190 S.E. 722; *Sears Roebuck & Co. v. Banking Co.,* 191 N.C. 500, 132 S.E. 468.

2. Were defendants entitled to the allowance of their motion for nonsuit upon the ground that plaintiffs had offered in evidence a deed to the defendants from Hulin and wife? The answer is no. The rule is that a party who introduces a deed admits its execution but not necessarily the truth of its recitals or its legal effect, and may show by further evidence the truth of the matter and the relation of the deed to the entire transaction.

The deed here offered recited that the grantors derived title from three of the heirs of the ancestor under whom plaintiff claims, and tends to support plaintiff's contention that he had not conveyed his interest in the land, and that by virtue of the deed to defendants conveying interests of other heirs, the plaintiffs and defendants were tenants in common in the land. 20 Am. Jur. 771. By analogy a party who calls a witness to the stand may not impeach his veracity but by other evidence may show the facts are different. *Helms v. Green,* 105 N.C. 251, 11 S.E. 470; 58 A. J. 442.

In the trial we find
No error.