WILLIAM A. WINSLOW v. LUCILLE JORDAN.

(Filed 17 September, 1952.)

**Evidence § 29½ —**

> Plaintiff is entitled to introduce in evidence any specific admission contained in the answer, together with such allegations of the complaint as illustrate or clarify the facts admitted, and no more, and the admission in evidence of allegations of the complaint denied by the answer and which have no direct explanatory relationship to the specific admissions in the answer, constitutes prejudicial error. An admission in the answer that the highway at the point in question was being rebuilt is not an admission that defendant negligently applied her brakes or otherwise mishandled her vehicle. An admission that plaintiff was slightly injured and that at the

time of the accident he was employed, is not an admission of particularized serious and permanent injuries and specified elements of damage.

APPEAL by defendant from *Grady, Emergency Judge,* and a jury, February Special Term, 1952, PERQUIMANS.   New trial.

Civil action for personal, injury damages.

Upon issues of negligence, contributory negligence, and damages, the plaintiff was awarded damages.   From a judgment upon the verdict, the defendant appealed, assigning errors.

*W. S. Oakey, Jr., for plaintiff, appellee.*
*J. Henry LeRoy for defendant, appellant.*

VALENTINE, J.   The defendant assigns as error the rulings of the trial judge in permitting, over her objections, the plaintiff to introduce in evidence paragraphs 4, 6 and 7 of the complaint.

Paragraph 4 of the complaint is as follows: "That the said defendant further carelessly and recklessly and negligently failed to drive her said car on the half of the roadway which had been finished with a final top coat, but upon approaching that place in the road where the plaintiff was working she carelessly and negligently drove over on the unfinished half of the pavement to her right, which said portion was in a slick condition, having been coated with a thin binding coat of wet asphalt preparatory to application of the final thick coat; and so the plaintiff is informed, believes and avers she negligently applied her brakes while on the said coated surface, or otherwise mishandled the said motor vehicle, losing control and causing the same to skid or run off the paved surface and run into the plaintiff in such violent manner as to throw him bodily a distance of more than 30 feet into the woods on the side of the road, seriously and permanently injuring the plaintiff in his legs, back, neck and head, breaking his right leg and rendering him totally unconscious."

To this paragraph of the complaint, defendant answered: "4. Answering section 4, defendant avers that she drove her automobile on the right side of the road which was then being used by the traffic and which, as she understood it, was the side of the road upon which she should operate a motor vehicle. *It is further admitted that the road at this point was being rebuilt,* all of which was well known to the plaintiff, in connection with which there was no sign or other directions suggesting to the defendant that she drive other than on the right side of the road.   It is also admitted that, as the defendant eventually discovered, the right side of the road was in a very slick condition brought about by the application of a coat of oil or some other substance, applied by the plaintiff or those

with whom he was connected in highway work. Except as herein admitted section 4 of the complaint is denied. In this connection the defendant avers that while she was operating her said automobile on the aforesaid slippery portion of the road the plaintiff attempted to cross said road directly in front of her approaching car, at which time the defendant applied brakes but found that, because of the slippery condition of the road, she was unable to stop her car in the ordinary distance, and as a result of plaintiff's placing himself directly in front of defendant's car a collision occurred between said car and the plaintiff, from which plaintiff was slightly injured." (Italics ours.)

Paragraph 6 of the complaint is as follows: "That as a direct and proximate result of the said collision, caused by the negligence of the defendant, plaintiff sustained painful, serious and permanent injuries including a broken bone in the right leg below the knee, bruises and other injuries to the head and neck, and serious, painful and, it is believed, permanent injuries to his lower back, which said injuries consisted of a tearing of the muscles and ligaments and other tissues and causing the plaintiff great suffering which continues to the present day; has incurred long and expensive medical care, was confined to his home for many weeks and unable to engage in any sort of work for more than six months. The plaintiff is informed, believes and avers that the said injuries are permanent in nature and will permanently and seriously impair and damage his earning capacity and result in great and lasting loss to himself and his family which is dependent upon him, all of which is due to the negligence of the defendant."

To this paragraph of the complaint, defendant answered: "6. *It is admitted that the plaintiff was slightly injured, as aforesaid.* Except as herein admitted section 6 of the complaint is denied." (Italics ours.)

Paragraph 7 of the complaint is as follows: "That at the time of the said event herein complained of the plaintiff was gainfully employed by the North Carolina State Highway and Public Works Commission at a wage of $......... . That in addition thereto the plaintiff was engaged in farming operations which had to be abandoned due to the said collision and the results thereof and from which farming operations the plaintiff, in view of the good crop season during the present year, believes that a profit of more than $2,000.00 would have been received by him during the said crop year. And that also the plaintiff was employed by the estate of E. S. White at a monthly wage of $75.00 for maintenance of property of the said estate and that all the said sources of income were completely lost to the plaintiff, which, in addition to medical expenses already incurred and which are still continuing, amount to a sum in excess of $3,500.00. And that the defendant, through her negligence as alleged

and otherwise, has further seriously and permanently damaged the plaintiff to an extent of at least $15,000."

To this paragraph of the complaint, defendant answered : *"7. It is admitted that at the time herein mentioned the plaintiff was employed by the N. C. State Highway and Public Works Commission, in connection with the re-surfacing of said road.* Except as herein admitted section 7 of the complaint is denied." (Italics ours.)

Plaintiff was properly allowed to offer in evidence as admissions of the defendant the excerpts above indicated by italics. It was also proper for the plaintiff to offer from his complaint such portions as serve to explain or clarify the specific admissions in the answer, but no more. It was prejudicial error for the court to allow the plaintiff to offer parts of his complaint which were denied in the answer and which had no direct explanatory relationship to the specific admissions in the answer. The effect of this ruling was to allow the plaintiff to make evidence for himself by the production of self-serving declarations and violated the well-established principle of evidence recognized by the uniform decisions of this Court. *Lupton v. Day,* 211 N.C. 443, 190 S.E. 722.

All facts alleged in the complaint and controverted by the answer are fact issues. "The denial in the answer of the fact alleged in the complaint puts the controverted fact in issue, and neither is the denial evidence against nor the plaintiff's allegation evidence for the truth of the disputed fact to be determined by the jury." *Lupton v. Day, supra; Jackson v. Love,* 82 N.C. 405.

This Court has consistently held that a party may offer in evidence such parts of his adversary's pleading as contain admissions of distinct and separate facts relative and pertinent to the inquiry, without being required to introduce the accompanying qualifying or explanatory matter. *Sears, Roebuck & Co. v. Banking Co.,* 191 N.C. 500, 132 S.E. 468.

And when an answer contains a categorical admission of a fact alleged, the plaintiff may offer such admission in evidence and so much of the allegation of his complaint as illustrates or clarifies the fact admitted. The same rule holds when there is a qualifying admission in an answer, and such portion of the corresponding allegation of the complaint as tends to explain the relevancy of the admission may also become competent. *Lewis v. R. R.,* 132 N.C. 382, 43 S.E. 919; *Modlin v. Insurance Co.,* 151 N.C. 35, 65 S.E. 605.

However, this rule has not been extended to permit a plaintiff to introduce as competent evidence his own allegation of a material fact which the defendant denies in his answer.

In the case at bar, the answer nowhere admits liability. Defendant bases her defense upon lack of negligence on her part and asserts that the contributory negligence of the plaintiff was a proximate cause of such

injury as he sustained and prevents his recovery. Therefore, it was reversible error to receive in evidence, over objection, any part of the complaint except such portions as were necessary to explain and clarify the specific admissions in the answer.

On this appeal, it is unnecessary to discuss the other exceptions appearing in the record.

For the errors pointed out, the defendant is entitled to a new trial, and it is so ordered.

New trial.