## MYRTLE CHAVIS v. HOME SECURITY LIFE INSURANCE COMPANY.

### (Filed 29 January, 1960.)

**1. Insurance § 26—**

 Where insurer admits plaintiff beneficiary's allegations of the execution and delivery of the policy, the payment of the premium, and the death of insured within the period of coverage, plaintiff establishes a *prima facie* case precluding nonsuit, the burden being upon insurer to show legal excuse for refusing payment according to the terms of the policy.

**2. Insurance §§ 17, 18—**

 Where the evidence is conflicting as to whether false answers in the application for life insurance were attributable to plaintiff beneficiary or insurer's agent, the beneficiary's evidence being to the effect that she answered truthfully all questions addressed to her by the agent and did not sign the application, and there being neither allegation nor proof of any collusion between the beneficiary and the agent, the question of insurer's right to cancel the policy for material and false misrepresentations in the application as to insured's health, is for the determination of the jury.

**3. Evidence § 20—**

 Plaintiff is entitled to introduce in evidence parts of the answer containing allegations of distinct and separate facts pertinent to the issues, on the ground of judicial admissions as well as admissions against interest.

**4. Evidence § 27: Insurance § 26—**

 Plaintiff is entitled to introduce parol evidence in contradiction of written application for insurance upon plaintiff's contention supported by evidence that she was not responsible for the statements in the application, the parol evidence rule presupposing the existence of a binding and valid instrument.

 PARKER, J., dissents.

APPEAL by defendant from *McKinnon, J.,* July "A" Term, 1959, ROBESON Superior Court.

Civil action by plaintiff beneficiary to recover $750 benefits under the defendant's policy insuring the life of Quessie M. Basini, the beneficiary's mother. Application for the policy was dated August 27, 1957, and the policy was issued September 9, 1957, and the premium was paid. The insured died of cancer on February 4, 1958. Proof of death and claim for benefits were duly filed.

The defendant admitted the execution and delivery of the policy, the payment of the premiums, and the death of the insured during the period of coverage. However, it denied liability upon the alleged ground the policy was obtained by false and fraudulent mis-

representations made in the application with respect to the health of the insured. The application contained the statement that the insured did not suffer from cancer, tumor, or any malignant disease, etc.

Mr. Grimes, the agent of the defendant, testified the insured answered the questions in the application as stated therein and after the answers were inserted, signed the application. The application was offered and admitted in evidence. The defendant also offered medical testimony that the insured died on February 4, 1958, of cancer from which she had been suffering for a period of probably three years. The defendant introduced further medical evidence that the insured had been hospitalized and operated on and treated for cancer in May, 1955, in the County of Onslow. At the time of the application and delivery of the policy the insured lived in the County of Robeson.

The plaintiff offered the evidence of the beneficiary and two other women, Carrie Lee Locklear and Janie Jones, who were present at the time Mr. Grimes came to collect insurance premium from the beneficiary on her own policy. They testified the agent asked the beneficiary if she was ready to take out insurance on her mother who was present at the tobacco barn where the three other women were also at work. She replied she was was not ready, that she did not have the money. Janie Jones offered to and did advance the money. The agent asked the name, age, where the insured was born, and "how is her health," and who was to be made the beneficiary. These questions were answered by the beneficiary giving the name, age, place of birth, and stated in her answers to the question, "how is her health," "so far as I know, it is all right," and that no other questions were asked her and none were asked of the insured. The three witnesses testified the insured did not sign any application. The beneficiary testified she knew nothing of her mother's illness, treatment or operation in Onslow County, or of any other illness.

The court submitted to the jury eight issues, as follows:

"1. Did the plaintiff have an insurable interest in the life of Quessie M. Basini?

"2. Did Quessie M. Basini represent in her application for insurance policy sued upon, that she had never been a patient in a hospital?

"3. If so, was such representation false?

"4. Did Quessie M. Basini represent in her application that she then did not have a disease or illness?

"5. If so, was such representation false?

"6. Did Quessie M. Basini represent that she had never had

rheumatism, arthritis, cancer, tumor, or any malignant disease?

"7. If so, was such representation false?

"8. Did Quessie M. Basini make false representation of a material fact in an application for the policy of insurance sued upon?"

The jury answered the first issue, "Yes," and all the others, "No." From a judgment in favor of the plaintiff for $750, the defendant appealed.

*Varser, McIntyre, Henry & Hedgpeth, for defendant, appellant.*
*L. J. Britt & Son, for plaintiff, appellee.*

HIGGINS, J. The defendant admitted the execution and delivery of the policy, the payment of the premium, and the death of the insured within the period of coverage. These admissions placed upon the defendant the burden of showing a legal excuse for refusing payment according to the terms of the policy. The plaintiff introduced the policy in evidence. The admissions and the policy made out a case for the jury. *Thomas-Yelverton Co. v. Ins. Co.*, 238 N.C. 278, 77 S.E. 2d 692. Defendant's assignment of error based on the court's refusal to nonsuit cannot be sustained.

The insurer offered as its defense the application for the policy in which appeared above the insured's name the statement she had not suffered from cancer, etc. The agent of the insurer testified the insured answered the questions as recorded in the application and signed it. The defendant offered medical testimony the insured died of cancer within four months of the date of the policy; that she had suffered from the disease for as much as three years prior to the application; that she had been operated on for this malignancy prior to the application. The defendant contended the concealment of this important information induced the defendant to issue the policy.

The plaintiff offered evidence the insured did not sign the application; and that only the questions as to her name, age, residence, the name of the beneficiary, and "how is her health," were asked by the agent; and that no other information was asked for or given. The beneficiary stated, "Her health is good as far as I know"; and that she knew nothing of any disease, treatment or operation her mother had while in Jacksonville or Onslow County. The agent received the premium and submitted to its principal the application upon which the policy was based.

Whether responsibility for the false answers was attributable to the insured or to the agent of the company was in serious dispute. There was neither allegation nor proof of any collusion. The jury re-

solved the disputed issues of fact against the defendant. ". . . the credibility of the evidence to support the defendant's defense was a matter for the jury." *Tolbert v. Ins. Co.*, 236 N.C. 416, 72 S.E. 2d 915. The assignments of error based on the introduction of parts of defendant's answer are without merit. The parts of the answer offered were of distinct and separate facts pertinent to the issues. They were competent as judicial admissions as well as admissions against interest. *Whitson v. Frances*, 240 N.C. 733, 83 S.E. 2d 879; *Winslow v. Jordan*, 236 N.C. 166, 72 S.E. 2d 228.

Likewise without merit is the assignment of error based on the court's admission of plaintiff's evidence contradicting the written application with respect to the insured's health. Without discussing other reasons why the evidence might be admissable, it is enough to say that the execution of, and responsibility for, the written application were in serious dispute. The dispute was resolved by the jury against the defendant. In any event, the exclusion of parol evidence, on the ground it contradicts a written instrument, presupposes the existence of a valid and binding written instrument. The assignment of error based on the admission of testimony cannot be sustained.

The case of *Heilig v. Ins. Co.*, 222 N.C. 231, 22 S.E. 2d 429, settles adversely to the defendant's claims the controlling issues of fact and questions of law involved in this appeal.

No error.

PARKER, J., dissents.