RUSSELL L. CLAYTON, BY HIS NEXT FRIEND, HENRY L. CARTER, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA.

(Filed 20 June, 1967.)

**Insurance § 26—**

Plaintiff's evidence to the effect that his mother was insured under a group policy, that he was named beneficiary therein, and that his mother died in the employment, *held* to make out a *prima facie* case sufficient to overrule nonsuit in the son's action to recover upon the certificate issued to his mother, and the insurer's contention that it had paid the amount of the insurance to the estranged husband of insured in accordance with its obligations under the policy in effect at the time of insured's death is a matter of defense upon which insurer has the burden of proof.

APPEAL by plaintiff from *Riddle, S.J.,* November 1966 Session, CABARRUS Superior Court (from Judgment of Nonsuit by the Court at the close of plaintiff's evidence).

Mrs. Margie C. Clayton, then a widow, was employed by Eastern Air Lines 1 June 1959. She became insured under a group plan with Prudential Insurance Company and named her small son, who is the plaintiff herein, as her beneficiary. A certificate showing this was issued to her and was in her effects when she was killed in an automobile accident 25 November 1963. Meanwhile, she had stopped and later resumed her employment with Eastern Air Lines at least twice and was still so employed when she died. She had married Floyd B. Jones on 5 December 1959 but had separated from him in June 1962 and was still separated at the time of her death.

When she was first employed, group policy No. G-5918, issued by Prudential, was in effect and certificate 15291 was issued to her in the name of Margie C. Clayton, naming the infant plaintiff, Russell L. Clayton, as beneficiary. She voluntarily terminated this employment in June 1961, but re-entered employment with Eastern Air Lines 1 November 1961. At that time a different policy with Prudential (No. GO-13723) was in effect, and she signed an application in which she requested that her then husband, Floyd Bradley Jones, be named as beneficiary. The plaintiff's evidence is that no

certificate showing Jones as beneficiary was ever received by the insured.

In June 1962 the deceased again terminated her employment with Eastern Air Lines but returned to work a third time in April 1963, at which time she had been separated from Jones for some ten months. The separation occurred in June 1962, and the marriage was never resumed. Mrs. Jones' mother testified that when she returned to work in April 1963 her daughter came in the same day and said she had had her insurance reinstated, that she still had that for Russell, and that was all she had. The record does not show when she terminated this period of employment, or what was done about her insurance during it. Her mother testified that Mrs. Jones went to St. Petersburg in 1963 where she worked for Hill Travel Agency for a while, and that she had returned to Eastern's employment in the Tampa office about forty-five days before her death on 25 November 1963, from which it would appear that this was her fourth period of employment with Eastern, and that it began in October 1963. The record discloses nothing in relation to the deceased's insurance after her application in November 1961 in which she asked that Jones be named her beneficiary. She was re-employed once, or possibly twice, later, but if she signed a further application, the record does not show it.

Upon the trial plaintiff and defendant stipulated "that, at all times and in connection with all policies involved in this lawsuit, Eastern Airlines was acting as agent of The Prudential Insurance Company of America," and "that at the time of her death, Margie C. Jones was an employee of Eastern Airlines and enrolled in Eastern's Group Insurance Program with defendant and that her life was insured under the policy for the sum of Twelve Thousand Five Hundred ($12,500.00) Dollars."

This action was instituted to obtain the benefits of the insurance for Mrs. Jones' infant son. The defendant denied liability, claiming it had discharged its obligation by paying Jones $12,500, presumably because Mrs. Jones had requested that he be named beneficiary at the time of her previous re-employment in November 1961. The record shows that Jones filed a sworn statement that the policy had been lost and made handwritten application for the payment of the proceeds of the policy, but does not show that any other claim, proof of death, or other formality was required by Prudential nor furnished by Jones.

Jones was made a party to the action upon motion of Prudential, who prayed judgment over against him.

Jones filed an answer in which he said Prudential voluntarily paid him and that it was estopped to recover against him.

At the conclusion of the plaintiff's evidence, Prudential moved for judgment as of nonsuit, which was allowed, and the plaintiff appealed.

*Hartsell, Hartsell & Mills by William L. Mills, Jr., and K. Michael Koontz attorneys for plaintiff appellant.*

*Kennedy, Covington, Lobdell & Hickman by Charles V. Tompkins, Jr., attorneys for defendant appellee.*

PLESS, J. The plaintiff has offered in evidence a photostatic copy of Prudential's Group Insurance Policy No. G-5918 in which Margie C. Clayton is the insured, and Russell L. Clayton, son of the insured, is named beneficiary. The attorneys for the plaintiff and Prudential, as well as Eastern Airlines, engaged in considerable correspondence in regard to this claim, all of which related to the above numbered policy G-5918. Nowhere in the correspondence is there mention of any other policy number. But when Mrs. Clayton (then Jones) returned to the employment of Eastern Airlines in November 1961 another Prudential Group Policy, GO-13723, was in effect, and it was under it that she apparently requested that her husband be made beneficiary. However, he is not so designated in the policy itself, and the plaintiff's evidence is to the effect that she never received any certificate in which Jones was named beneficiary.

If the first policy, No. G-5918, was in effect at the time of Mrs. Jones' death, there is nothing in the record to indicate that any other beneficiary was named *under it* in lieu of the plaintiff herein. The record does not show that payment has been made to Jones, or anyone else, under the second policy, GO-13723. Moreover, upon the stipulation by the defendant that at the time of her death Mrs. Jones' life was insured for the sum of $12,500, and with the evidence, taken in the light most favorable to the plaintiff, that the policy in effect was G-5918, that the named beneficiary under that policy has not been paid, it appears that the rules so well recognized by this Court in many cases create a presumption that requires that the plaintiff's case be allowed to go to the jury.

In *Chavis v. Insurance Co.*, 251 N.C. 849, 112 S.E. 2d 574, Justice Higgins, speaking for the Court, said:

> "The defendant admitted the execution and delivery of the policy, the payment of the premium, and the death of the insured within the period of coverage. These admissions placed upon the defendant the burden of showing a legal excuse for re-

fusing payment according to the terms of the policy. The plaintiff introduced the policy in evidence. The admissions and the policy made out a case for the jury."

The Court also said, in *Rhinehardt v. Insurance Co.*, 254 N.C. 671, 119 S.E. 2d 614:

"By offering in evidence the policy of insurance and defendant's admission of its execution and delivery, the payment of premiums and the death of insured, plaintiff made out a *prima facie* case . . . When a plaintiff has made out a *prima facie* case, nonsuit is improper and it would constitute reversible error to sustain a motion therefor."

The plaintiff alleged that the only certificate of insurance issued by the defendant and delivered to Margie C. Jones prior to her death was certificate No. 15291 (which was based on policy No. G-5918). In answer to this allegation "The defendant expressly denies that it issued a certificate to Margie C. Jones at any time," and further said in the answer, "It is admitted that the life of Margie C. Jones was fully insured on the 25th day of November, 1963, under the provisions of a policy issued by the defendant Prudential Insurance Company to Eastern Air Lines, Inc., that said Margie C. Jones had fully complied with and duly performed all the terms, provisions and conditions in said policy to be performed by her." Further saying "that Prudential has made payment in the amount of $12,500 under the policy to the beneficiary of record Floyd Bradley Jones."

Payment of the amount due under the policy and to the right person are matters of defense, and the burden of establishing them is upon the Insurance Company after the plaintiff has made out a *prima facie* case.

"The burden of proof is on defendant to establish the facts in support of its defense that it had properly paid the amount due under the policy, or that it had been otherwise discharged or released from its liability thereunder." 46 C.J.S., Insurance § 1316(8).

If upon the trial Prudential can establish that it was justified in paying the estranged husband instead of the minor son of the deceased, it would, of course, absolve it from responsibility of the latter. However, the plaintiff is entitled to go to the jury.

Reversed.