ROBERT E. CATO AND WIFE, MARGARET E. CATO, v. HOSPITAL CARE ASSOCIATION, INC.

(Filed 10 December, 1941.)

1. Appeal and Error § 38—

Where the charge of the court is not in the record it will be presumed that the court correctly charged the law applicable to the evidence.

2. Insurance § 41—

When insured introduces the certificate of insurance, offers evidence that the policy was kept in force by payment of premiums and that insured had filed claim for loss covered by the insurance, insured establishes a *prima facie* case and insurer has the burden of proving defenses relied on by it.

3. Insurance § 31c—Policy will not be forfeited for misrepresentations in application filled out by insurer's agent when insured has no knowledge thereof and was unable to read application.

Insured testified that she correctly answered the only two questions asked her by insurer's soliciting agent, that the agent filled out the application, that she signed same without reading it because eye trouble pre-

vented her from reading, and that at the time she was wearing dark glasses. The jury found, upon competent sustaining evidence, that the agent inserted in the application answers to certain questions without the knowledge of insured. *Held:* Insurer may not assert the falsity of such answers in the application as misrepresentations entitling it to a forfeiture of the policy.

APPEAL by defendant from *Ervin, Jr., Special Judge,* and a jury, at Extra 3 March Civil Term, 1941, of MECKLENBURG. No error.

This was a civil action originally tried before G. W. Denny, justice of the peace, Charlotte Township, Mecklenburg County, N. C., on 19 December, 1939. Defendant appealed to the Superior Court of Mecklenburg County. The action was tried before S. J. Ervin, Jr., Special Judge, and a jury, at the Extra 3 March Civil Term, 1941, of the Superior Court of Mecklenburg County. The case proceeded to trial before the judge and a jury which was duly selected and impaneled.

The issues submitted to the jury and their answers thereto were as follows:

"1. Was the plaintiff, at the time of making application for the certificate in suit, subject to any medical or physical condition which could require medical or surgical treatment? Ans.: 'No.'

"2. If so, did the plaintiff fully and fairly disclose all the facts in regard thereto to the defendant's agent, at the time the application was made? Ans.: ............

"3. Had the plaintiff, before making application for the certificate in suit, consulted a doctor, or received medical or surgical treatment from a doctor, for illness or injury? Ans.: 'Yes.'

"4. If so, did the plaintiff fully and fairly disclose all the facts in regard thereto to the defendant's agent at the time the application was made? Ans.: 'Yes.'

"5. Did the plaintiff, at the time of making application for the certificate in suit, have any abnormality of the eyes or ears? Ans.: 'Yes.'

"6. If so, did the plaintiff fully and fairly disclose all the facts in regard thereto, to the defendant's agent, at the time the application was made? Ans.: 'Yes.'

"7. Did the plaintiff, at the time of making application for the certificate in suit, have any physical deformity, infirmity or disability? Ans.: 'No.'

"8. If so, did the plaintiff fully and fairly disclose all the facts in regard thereto to the defendant's agent at the time the application was made? Ans.: ............

"9. Did the plaintiff, before applying for the certificate in suit, ever have rheumatism, tuberculosis, heart disease, disease of the kidneys, cancer, syphilis, nervous disorder, arthritis, mental disability, ulcers,

abscesses, wounds, varicose veins, epilepsy, diabetes, or disease of the bones? Ans.: 'No.'

"10. Was the plaintiff, at the time of applying for the certificate in suit, in good health? Ans.: 'Yes.'

"11. If not, did the plaintiff fully and fairly disclose all the facts in regard thereto to the defendant's agent at the time the application was made? Ans.: ............

"12. Were the statements in plaintiff's application for the certificate in suit relating to the matters mentioned in Issues 1, 3, 5, 7, 9, and 10, inserted in said application by the defendant's agent without the knowledge of the plaintiff? Ans.: 'Yes.'

"13. Was the plaintiff prevented from reading her application for the certificate in suit and from having the same read to her by the fraud of the defendant's agent? Ans.: 'No.'"

The following judgment was rendered by the court below:

"This cause coming on to be heard before the undersigned presiding Judge and the jury, upon the issues appearing in the record; and it appearing to the Court that the defendant has judicially admitted, in open Court, that the defendant issued to the plaintiffs the Certificate of Insurance (dated February 21, 1939) offered in evidence by the plaintiffs as Plaintiffs' Exhibit # 2; and it further appearing to the Court that the plaintiffs have judicially admitted, in open Court, that the plaintiff, Margaret E. Cato, signed an application for said Certificate of Insurance dated February 21, 1939, in words and figures as appears in the paper writing marked Defendant's Exhibit No. 1; and it further appearing to the Court that the plaintiffs and the defendant have judicially admitted, in open Court, that on or about May 23, 1939, the plaintiff, Margaret E. Cato, was admitted to a hospital and that she thereafter received medical and surgical attention and hospital treatment, and that she is entitled to recover of the defendant the sum of $109.00 in the event, and only in the event the defendant is liable to her upon the Certificate of Insurance in controversy, which the defendant expressly denies; and it further appearing to the Court that the defendant has judicially admitted, in open Court, that the plaintiff, Margaret E. Cato, furnished the defendant written proof of her said treatment and claim, on or about June 1, 1939, and that on or about June 1, 1939, the defendant refused to pay said claim and denied liability therefor, upon the contention that the plaintiff, Margaret E. Cato, had made false statements with reference to material matters in her application for said certificate, and that the defendant was not liable upon said certificate by reason thereof; and it further appearing to the Court that the parties have judicially admitted, in open Court, that on or about the said first day of June, 1939, the defendant tendered to the plaintiffs the sum of $9.00, being the amount of premiums paid by the plaintiffs to the

16—220

defendant upon the certificate in suit, and demanded that the plaintiffs surrender said certificate for cancellation; and it further appearing to the Court that the plaintiffs refused to accept said tender of said sum and refused to surrender said certificate to the defendant for cancellation, the plaintiffs insisting that said certificate was valid and binding obligation on the part of the defendant, and that the defendant was liable to the plaintiff, Margaret E. Cato, thereupon—which the defendant denied; and it further appearing to the Court, and the Court finding as a fact, that the jury have returned the verdict which appears in the record; and it further appearing to the Court, and the Court finding as a fact, that upon the return of said verdict the defendant moved for judgment in favor of the defendant, upon the authority of the case of *Inman v. The Woodmen of the World,* 211 N. C., 179, and *Equitable Life Assurance Society of the United States v. Ashby,* 215 N. C., 280; and the Court being of the opinion that said motion should be denied and that judgment should be rendered herein in favor of the plaintiff, Margaret E. Cato, upon the authority of the case of *Cox v. Assurance Society,* 209 N. C., 782, and upon the authority of Williston on Contracts (Rev. Ed.), Vol. III, Sec. 751:

"Now, Therefore, it is hereby Considered, Ordered and Adjudged by the Court herein, as follows:

"1. That the plaintiff, Margaret E. Cato, do have and recover judgment of the defendant, Hospital Care Association, Incorporated, for the sum of $109.00, together with interest on said sum from the first day of June, 1939, until paid, and the costs of this action, to be taxed by the Clerk of this Court;

"2. That the prayer of the defendant for cancellation of the Certificate of Insurance in suit be, and the same is hereby denied. S. J. Ervin, Jr., Judge Presiding."

The defendant made certain exceptions and assignments of error and appealed to the Supreme Court. They, with the necessary facts, will be set forth in the opinion.

*John Newitt for plaintiffs.*
*John T. Manning for defendant.*

CLARKSON, J. The defendant appellant contends that the lower court committed error by not rendering judgment on the verdict for the defendant appellant and by signing the judgment. We cannot so hold on the record.

The charge of the court below is not in the record, and it is well settled in this jurisdiction that it is assumed that the court below charged the law applicable to the facts. *Maynard v. Holder,* 219 N. C., 470 (471).

CATO v. HOSPITAL CARE ASSOCIATION.  .

The evidence is to the effect that the agent of the defendant went to the home of plaintiffs, on 21 February, 1939, and applications for certificates of membership were signed by plaintiffs and afterwards sent by the agent to defendant company and policies were issued. The action is brought on this certificate or policy. Plaintiffs paid the agent $4.50 at the time of the application, a quarterly payment on the policy. The service was hospital care. While the policy was in force the plaintiff, Margaret E. Cato, was operated on for appendicitis. The hospital and surgical bills totaled $109.00, for which plaintiffs instituted this action, after defendant had denied liability.

It was contended by defendant that the *feme* plaintiff answered certain questions in the application or certificate falsely, which were material to the validity of the policy. The *feme* plaintiff denied this. She testified that she at the time the certificate was signed, wore dark glasses and she could not see real good. "I am not able to read fine print—I can't even read normal print. . . . I will be 59 years old my next birthday. . . . I have ten living children and one dead. The hospital did furnish service to me during the time of my appendicitis operation. The Hospital Care Association has never furnished me any hospital service. . . . He (the agent) asked me had I had a doctor in the last six months and I told him no, I had not had a doctor in a year. He asked me if I thought I was in good health. I said I thought I was as far as my age would permit. I will be 59 my next birthday. He did not read anything else or ask me any other questions that I can recollect. I was not able to read the paper which I signed. (The Court): You say he asked you just two questions, one was whether you had had a doctor in the last six months? Ans.: Yes, sir. (The Court): And the other was whether you were in good health? Ans.: Yes. (The Court): And you told him that you had not had a doctor in the last six months and that you were in good health for your age? Ans.: Yes, sir. . . . Q. Mrs. Cato, look at that and see if that is your signature (handing witness a paper writing, Defendant's Exhibit 2). · Ans.: You go ask him, I can't see what that word says. Please ask him, will you? I recall signing the application that night. Q. Did you ask Mr. Ritch to read this over to you? Ans.: No, I trusted him. Q. Did you ask any of your children to read it over to you? Ans.: No, I trusted Mr. Ritch. I just took his word for it and signed the paper. Q. And you did not know whether the answers to these questions were right or wrong? Ans.: I didn't even know there was any questions to be asked, only the two he asked me. I knew he asked me two?"

The insurance certificate, or application, was introduced in evidence by plaintiff Margaret E. Cato, the beneficiary. The premium was paid and the certificate was in force at the time of the need for hospitaliza-

tion. The medical and hospital bill was for $109.00. The plaintiffs had filed proper proof and the defendant had denied liability, a *prima facie* case was made out against defendant.

In *Lyons v. Knights of Pythias,* 172 N. C., 408 (410), it is said: "On proof of the death of the member, presentation of the policy by the beneficiary and denial of any liability by the company, a *prima facie* right of recovery is established, and defendant, claiming to be relieved by reason of nonpayment of dues or other like default, has the burden of proof in reference to such defenses. *Harris v. Junior Order, etc.,* 168 N. C., 357; *Wilkie v. National Council,* 147 N. C., 637; *Doggett v. Golden Cross,* 126 N. C., 477 (480)." *Creech v. Woodmen of the World,* 211 N. C., 658 (660); *Blackburn v. Woodmen of the World,* 219 N. C., 602 (606).

In *Cox v. Assurance Society,* 209 N. C., 778 (782), this Court said: "It is a well settled principle in this jurisdiction that an insurance company cannot avoid liability on a policy issued by it by reason of any facts which were known to it at the time the policy was delivered, and that any knowledge of an agent or representative, while acting in the scope of the powers entrusted to him, will, in the absence of fraud or collusion between the insured and the agent or representative, be imputed to the company, though the policy contains a stipulation to the contrary. *Follette v. Accident Assn.,* 110 N. C., 377; *Fishblate v. Fidelity Co.,* 140 N. C., 589; *Short v. Ins. Co.,* 194 N. C., 649; *Laughinghouse v. Ins. Co.,* 200 N. C., 434; *Colson v. Assurance Co.,* 207 N. C., 581; *Barnes v. Assurance Society,* 204 N. C:, 800, and cases there cited." *Peebles v. Guano Co.,* 77 N. C., 233 (237); *Alpha Mills v. Engine Co.,* 116 N. C., 797; Williston on Contracts (Rev. Ed.), Vol. III, sec. 751, *supra.*

The answers to certain issues in favor of plaintiffs fully support the judgment. On the verdict we think the judgment correct.

The defendant's agent, as was found by the jury (and there was competent evidence to sustain the finding), inserted in the certificate or application certain answers to questions, without the knowledge of plaintiff. The defendant may not now assert the falsity of the answers. *Whitehurst v. Ins. Co.,* 149 N. C., 273; *Currie v. Malloy,* 185 N. C., 206; *Lunn v. Shermer,* 93 N. C., 164.

The cases of *Inman v. Woodmen of the World,* 211 N. C., 179, and *Assurance Society v. Ashby,* 215 N. C., 280, are not applicable to the facts in the present action.

This contract and loss occurred before the Hospital Insurance Act of 1941, ch. 338.

For the reasons given, we find no prejudicial or reversible error on the record.