JOSEPH J. CARROLL AND DAISY C. CARROLL v. CAROLINA CASUALTY INSURANCE COMPANY.

(Filed 21 May, 1947.)

**1. Insurance § 41—**

In this action on a policy of hospital insurance, plaintiff's evidence tended to show that she incorrectly stated in her application that she did not have hernia but that the statement was not made with intent to deceive, that plaintiff was hospitalized and operated upon for appendicitis, and that during the operation the surgeon incidentally repaired the hernia but there was no evidence that any additional charge therefor was included in the surgical fee. *Held:* Whether the misrepresentation was material was a question for the jury upon the evidence, and defendant's motion to nonsuit was properly denied.

**2. Insurance § 31a—**

A misrepresentation in an application for a policy will not avoid the policy unless it was made with intent to deceive or unless it materially affected the acceptance of the risk by insurer and contributed to the event on which the policy became payable.

**3. Insurance § 41—**

The burden is upon insurer to prove that a misrepresentation in an application for insurance was fraudulent, and where insured's evidence negates fraud and insurer offers no evidence, an instruction to the jury that there was no evidence of intent to deceive is without error.

**4. Same—**

The evidence tended to show that in her application for hospital insurance plaintiff inadvertently misrepresented that she did not have hernia, that subsequent to the issuance of the policy plaintiff was hospitalized for appendicitis, that during this operation the surgeon incidentally repaired the hernia.  *Held:* A charge to the effect that the misrepresentation would bar recovery if the hernia in any way contributed to the hospitalization or materially affected the acceptance of the risk by insurer so that insurer would not have written the policy in the form it was issued if the existence of the hernia had been known, *is held* without error, G. S., 58-30, the question of materiality of the misrepresentation being for the jury upon the evidence.

APPEAL by defendant from *Olive, Special Judge,* at February Term, 1947, of GUILFORD. No error.

This was an action on a policy of hospital insurance, to recover $145, the amount expended for hospital and surgical expenses incident to an operation for appendicitis on plaintiff Daisy C. Carroll.

Plaintiffs' claim was contested by defendant on the ground that in the application for insurance to the Pennsylvania Casualty Company (reinsured by defendant Carolina Casualty Insurance Company) the plaintiff Joseph J. Carroll had represented that the *feme* plaintiff had not had hernia, whereas it was shown that she had had hernia for some time, though it was testified she did not complain of it and it had never "bothered" her. It appeared that during the operation for appendicitis the surgeon incidentally repaired the hernia. However, there was no evidence that any charge or additional charge therefor was included in the surgical fee covered by the insurance. Defendant offered no evidence.

Issues were submitted to the jury and answered in favor of the plaintiffs, establishing (1) that the policy was in force at the time of the operation; (2) that, though it was incorrectly stated in the application that *feme* plaintiff did not have hernia, (3) the statement was not made with intent to deceive; (4) that the hernia did not contribute to her hospitalization and did not materially affect acceptance of the risk by the defendant; and (5) that under the terms of the policy plaintiffs were entitled to recover $145.

From judgment on the verdict the defendant appealed.

*Smith, Wharton & Jordan and McNeill Smith for plaintiffs.*
*Gold, McAnally & Gold for defendant.*

DEVIN, J.  The defendant assigns error in the trial below in two respects : (1) in the court's denial of its motion for judgment of nonsuit, and (2) in the court's instructions to the jury.

The plaintiffs' evidence was sufficient to carry the case to the jury and to support the verdict.  Notwithstanding the incorrect answer to the question in the application as to absence of hernia, under the terms of the policy, this would not defeat plaintiffs' action on the policy, otherwise incontestable, unless the answer was made with intent to deceive, or materially affected the acceptance of the risk and contributed to the event on which the policy became payable.  There was evidence to sustain plaintiffs on this point, and the motion for judgment of nonsuit was properly denied.  The court charged the jury that there was no evidence of an intent to deceive the defendant in the application for the policy of insurance.  There was no error in this instruction.  The plaintiffs' evidence negatived fraud, and the burden on this issue was upon the defendant.  There was no evidence *contra.*

The court charged the jury in substance if they found that the *feme* plaintiff was sent to the hospital for an appendix operation, and that the hernia in any way contributed to her hospitalization; or that it materially affected the acceptance of the risk, or contributed to the contingency; or that but for the answer to the question in the application the Insurance Company would not have written the policy as it did, or not at all, or changed it, they should answer the issue yes, and that before they could answer it no they must find the hernia did not contribute to her hospitalization or materially affect the acceptance of the risk.

This charge presented the determinative question in the language of the policy which provided that falsity in an answer in the application would bar recovery "if such answer is made with intent to deceive or materially affects the acceptance of the risk by the Company and contributes to the contingency or event on which the policy is to become due and payable."  The charge is in substantial compliance with the rule laid down in *Wells v. Ins. Co.,* 211 N. C., 427, 190 S. E., 744, and in accord with the provisions of G. S., 58-30, that "a representation, unless material or fraudulent, will not prevent a recovery on the policy."  The general rule is that the materiality of the representation depends on whether it was such as would naturally and reasonably have influenced the insurance company with respect to the contract or risk.  *Wells v. Ins. Co., supra; Schas v. Ins. Co.,* 166 N. C., 55, 81 S. E., 1014.  The question was one for the jury.  *Bank v. Ins. Co.,* 223 N. C., 390, 26 S. E. (2d), 862.

It is true the court, in one instance, inadvertently told the jury if they found certain facts to answer the issue "no" when "yes" was indicated

and intended, but in the succeeding paragraph the court corrected the instruction, and properly and fully charged on this point, as was also done in the preceding paragraph. The defendant does not raise the point, or suggest, that there was any misunderstanding of the court's instructions on this issue, and merely finds fault with this portion of the charge for that the court submitted "a question of law to the twelve jurors." The exception to the charge as to the amount of recovery is without merit.

We think the case was fairly and properly submitted to the jury, and the result reached will not be disturbed.

No error.