EDNA FAYE WILLETTS v. INTEGON LIFE INSURANCE CORPORATION

No. 7913SC344

(Filed 4 March 1980)

**1. Insurance § 18— life insurance—avoidance of policy for misrepresentations**

An insurer's duty under an insurance contract may be avoided by a showing that the insured made representations in his application which were material and false, and a representation in a life insurance application is deemed material if the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract and accepting the risk.

**2. Insurance § 18— life insurance—avoidance of policy for misrepresentations—burden of proof**

After plaintiff has made a *prima facie* case for recovery upon a life insurance policy, the burden of proof is upon the insurer to establish the misrepresentations relied on by it to avoid that policy.

**3. Insurance § 19.1— life insurance—failure to list driving under influence charge—knowledge of agent imputed to insurer**

Where, in an application for a double indemnity life insurance policy which was completed for the insured by defendant insurer's agent, only a charge of speeding 60 in a 45 mph zone was listed in answer to a question as to whether insured had been charged with any motor vehicle moving violations or had had his license revoked within the past three years, but insured discussed with the agent the possibility that a charge against him for driving under the influence might have occurred within the past three years and was told by the agent that he should not worry about whether the charge was within three years because insurer would obtain a copy of insured's driving record and would notify insured if there was a problem, the agent had notice of insured's conviction within the past three years for driving under the influence which further inquiry would have revealed, and such notice was imputed to defendant insurer and precluded defendant from avoiding the policy on the ground that such conviction was not listed in the application, notwithstanding the application contained a provision that knowledge of an agent did not constitute knowledge of the insurer.

APPEAL by defendant from *McConnell, Judge*. Judgment entered 19 October 1978 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 28 November 1979.

Plaintiff seeks to recover $200,000 as the sole beneficiary under a double indemnity life insurance policy dated 9 August 1976 issued by defendant on the life of Graham Arliss Willetts, deceased. Willetts died on 15 March 1977 as a result of injuries sustained in an automobile accident. Defendant refused to satisfy plaintiff's demand for payment and defends this action on the grounds that in the application for insurance, "the plaintiff and her deceased husband, the insured, failed to disclose and concealed certain information which amounted to misrepresentations of the truth."

In support of its affirmative defense, defendant relies on a question and answer contained in the application for life insurance completed by defendant's agent William A. Kopp, who asked the questions in the application as plaintiff and the deceased responded. The pertinent portion of the application follows:

7. In the past three years have you been in a motor vehicle accident, charged with a moving violation of any motor vehicle law or had your license restricted or revoked?

The question was checked "Yes" and in the margin beside the question there appeared the phrase "60/45 zone." The instructions preceding the questions stated: "IF THE ANSWER TO ANY OF THE FOLLOWING QUESTIONS CONCERNING THE PROPOSED INSURED ARE [sic] 'YES', GIVE DETAILS BELOW (NO. 17)." Besides the phrase "60/45 ZONE," there was nothing else written on the application with respect to that question. At the bottom of the fourth page of the application there was printed, in pertinent part, the following:

REPRESENTATION: I represent that all statements and answers contained herein are complete and true and correctly recorded.

AGREEMENT: I expressly agree that (1) only the president, a vice president, the secretary, or an assistant secretary of the Company, can make, modify, or discharge contracts, or waive any of the Company's rights or requirements, and that none of these acts can be done by the agent taking this application; (2) no information or knowledge acquired by any agent, medical examiner, or any other person in connection with this application for the proposed insurance shall be con-

sidered as knowledge of the Company unless the same is reduced to writing and made a part of the application or the policy issued thereon; (3) the insurance hereby applied for shall not take effect unless both the first premium thereon is paid and the policy is delivered to the applicant prior to any change in the health or other conditions affecting insurability of the proposed insured since the date of the application; except that if the full first premium is paid to an authorized agent of the Company on the date of this application and a duly executed Premium Receipt bearing the same number and date as this application has been delivered to the applicant, then the liability of the Company shall be only as is stated in such receipt; (4) the acceptance of any policy issued pursuant to this application shall constitute an acceptance and ratification of any corrections, additions, or changes made by the Company in the space provided "For Home Office Endorsements Only," except that in the states of Illinois, Kansas, Kentucky, Maryland, Michigan, and Pennsylvania, no change shall be made as to amount, classification, plan of insurance, or benefit unless agreed to in writing by the applicant.

The signatures of Graham Arliss Willetts and Edna S. Willetts appear at the end of the application.

At trial, defendant presented exhibits which showed that the deceased insured was charged with driving under the influence on 5 December 1973 and, as a result of his being convicted, his driver's license was revoked and he was granted limited driving privileges. Defendant's exhibits further showed that the insured was charged with driving too fast for conditions on 3 March 1974, and that he was charged with speeding 60 miles per hour in a 45 mile-per-hour zone and driving under the influence on 29 January 1975. There was evidence that had defendant known of the charges, it would have denied the application.

With respect to the circumstances surrounding the completion of the life insurance application, the evidence tended to show that on 3 August 1976 plaintiff, her deceased husband, and defendant's agent Kopp were at the Willetts' home in Bolivia, North Carolina. As stated above, Kopp wrote down the answers to the questions on the application. Mrs. Willetts testified:

I recall Mr. Kopp asking Arliss a question regarding his driving record for the past three years immediately prior to the date of the application. I know the question of Arliss being charged with driving under the influence was discussed between Arliss, the agent and myself. We were discussing the tickets or charges that he might have had during the three year period and this is when it came up — in that conversation. When asked whether or not [sic] he had been charged with driving under the influence [during] the past three years, Arliss told Mr. Kopp that he thought that it was prior to that. More than three years. I said I am not sure about that. I was not sure about whether it was more than three years because I did not know the date.

. . .

I had knowledge of another driving record that Arliss had had during the three years immediately preceding August 3, 1976. There was one charge that I was aware of, 60 in a 35 or 45, whatever was put on the application. During that time I did not have any knowledge of any other charges against him or accusations against him during the three year period.

Mrs. Willetts testified further, over defendant's objection, that Kopp told them not to worry about the charges, "that a record of Arliss driving would be ordered from the Department of Motor Vehicles by Integon Company and that if there was [sic] any questions at all Integon would contact me." Mrs. Willetts stated that she realized when she signed the application she was certifying to the company that all answers were complete and true and correctly recorded, and that to the best of her knowledge, the answer in response to question number seven was complete as given.

The following issues were submitted to and answered by the jury:

1. Did Graham Arliss Willetts die on March 15, 1977, as a result of injuries sustained by external, violent accidental means on that date in an automobile accident?

ANSWER: Yes.

Willetts v. Insurance Corp.

2. In answer to Question No. 7 on the application for insurance, did Graham Arliss Willetts and Edna Faye Willetts represent that he had not been involved in a motor vehicle accident, charged with a moving violation, other than speeding 60 miles per hour in a 45 mile per hour zone, or had his license restricted or revoked for three years immediately prior to August 3, 1976?

ANSWER: No.

3. If so, was said representation false?

ANSWER: _____

4. If so, was said representation material?

ANSWER: _____

The trial court thereafter awarded plaintiff $200,000 plus interest. Defendant appeals.

*Ray H. Walton for plaintiff appellee.*

*Crossley & Johnson, by Robert White Johnson, for defendant appellant.*

MORRIS, Chief Judge.

[1, 2]  Through the pleadings and admissions, plaintiff established the execution and delivery by defendant of a life insurance policy issued to the deceased with plaintiff as beneficiary, the death of the insured, and payment of premiums. The death of the insured was shown by medical evidence to have resulted from injuries sustained in an automobile accident during the period the policy was in force. Nothing else appearing, plaintiff has established a *prima facie* case of her right to the insurance proceeds. *Rhinehardt v. Insurance Co.*, 254 N.C. 671, 119 S.E. 2d 614 (1961); *Tolbert v. Insurance Co.*, 236 N.C. 416, 72 S.E. 2d 915 (1952). An insurer's duty under an insurance contract may be avoided by a showing that the insured made representations in his insurance application which were material and false. G.S. 58-30; *Tolbert v. Insurance Co., supra; Gardner v. Insurance Co.*, 163 N.C. 367, 79 S.E. 806 (1913). A representation in a life insurance application is deemed material if the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the con-

tract and accepting the risk. *Carroll v. Insurance Co.*, 227 N.C. 456, 42 S.E. 2d 607 (1947). After plaintiff has made a *prima facie* case, the burden of proof is on the insurer to establish the misrepresentations relied on by it to avoid the policy. *Rhinehardt v. Insurance Co., supra; Wells v. Insurance Co.*, 211 N.C. 427, 190 S.E. 744 (1937). In this case, the jury answered the question of whether plaintiff and her deceased husband represented to defendant that the insured had not been charged with a moving violation other than speeding 60 miles per hour in a 45 mile-per-hour zone in favor of the plaintiff. Thus, the question of materiality is not before us.

Defendant's contention in this action is that plaintiff and insured, by signing the life insurance application in which the answer to question No. 7 was incomplete, misrepresented the truth to defendant insurer. Plaintiff, on the other hand, contends that she, her husband, and defendant's agent discussed insured's driving record at length, and that they did not represent to defendant's agent that there had only been one charge within the preceding three years. Some evidence supporting plaintiff's position was admitted without objection during direct examination of Mrs. Willetts. A portion of her testimony, however, concerned statements allegedly made by Agent Kopp to plaintiff and the insured, to the effect that they need not worry about whether the charges were within three years because Integon Company would obtain a copy of insured's driving record, and they would be notified if there was any problem. None of this evidence was incorporated into the insurance application, and it obviously contradicted the clause printed in the application disclaiming knowledge on the part of Integon Company.

In North Carolina, evidence of prior parol representations will not be received into evidence to alter the terms of a written insurance contract. This rule is explained as follows:

> [W]hen the parties have bargained together touching a contract of insurance and reached an agreement, and in carrying out, or in the effort to carry out, the agreement [sic] [,] a formal written policy is delivered and accepted, the written policy, while it remains unaltered, will constitute the contract between the parties, and all prior parol agreements will be merged in the written instrument; nor will evidence be

received of prior parol inducements and assurances to contradict or vary the written policy while it so stands as embodying the contract between the parties.

*Floars v. Insurance Co.*, 144 N.C. 232, 235, 56 S.E. 915, 916 (1907). *See also Rutherford v. Insurance Co.*, 562 F. 2d 290 (4th Cir. 1977); *Cavin's, Inc. v. Insurance Co.*, 27 N.C. App. 698, 220 S.E. 2d 403 (1975). Applying this principle, defendant contends that evidence of Agent Kopp's statements was immaterial, and its admission was, therefore, improper. Without ruling on the admissibility of the statements, we do not find defendant's argument persuasive, in that Agent Kopp, on direct and cross-examination, testified without objection that he told Mrs. Willetts that the company would check her husband's driving record and that she would be notified if the results affected the policy. It is clear that defendant's exception to the admission of this evidence was waived when Agent Kopp testified to the same matter. *State v. Byrd*, 40 N.C. App. 172, 252 S.E. 2d 279 (1979). By so holding, we also reject defendant's argument with respect to the trial court's instructions containing those statements.

[3] Notwithstanding defendant's contentions regarding the inadmissibility of its agent's parol representations, it is apparent that such evidence, admitted without objection, constitutes knowledge on the part of defendant which precludes it from avoiding liability under the policy.

It is well established that an insurance company cannot avoid liability on a life insurance policy on the basis of facts known to it at the time the policy went into effect. *Cox v. Assurance Society*, 209 N.C. 778, 185 S.E. 12 (1936). Defendant argues that it had no knowledge of insured's prior driving record because there was nothing on the face of the insurance application to that effect and nothing to put it on notice that further inquiry should have been made. Defendant overlooks, however, the rule as stated in *Insurance Co. v. Grady*, 185 N.C. 348, 117 S.E. 289 (1923), wherein the Court stated:

[I]n the absence of fraud or collusion between the insured and the agent, the knowledge of the agent when acting within the scope of the powers entrusted to him will be imputed to the company, though a direct stipulation to the contrary appears in the policy or the application for the same.

185 N.C. at 353, 117 S.E. at 291. *Cox v. Assurance Society, supra.*
*See* 16A Appleman, Insurance Law and Practice § 9101 (1968) [Appleman]. In *Gouldin v. Insurance Co.*, 248 N.C. 161, 102 S.E. 2d 846 (1958), the Court, quoting from Appleman, stated the rule with respect to the degree of knowledge required to constitute notice on the part of the agent and the insurer:

> Knowledge of facts which the insurer has or should have had constitutes notice of whatever an inquiry would have disclosed and is binding on the insurer. The rule applies to insurance companies that whatever puts a person on inquiry amounts in law to "notice" of such facts as an inquiry pursued with ordinary diligence and understanding would have disclosed.

248 N.C. at 165, 102 S.E. 2d at 849. Applying these principles to the facts before us, it is evident that Agent Kopp had knowledge of the insured's driving history, and that Kopp was at least put on notice that there may have been driving charges within the three years preceding the application other than the charge for speeding 60 miles per hour in a 45 mile-per-hour zone. Such knowledge is sufficient to put Kopp on notice as to the other charges which would have been revealed by further inquiry. Thus, Integon is deemed to have notice of the insured's driving record for the three years preceding the application. By so holding, we reject defendant's assignment of error relating to the trial court's instruction to the jury that it could consider in its deliberations defendant's ability to obtain insured's driving record.

We have carefully reviewed defendant's other assignments of error concerning the admission of evidence and jury instructions. We find no error sufficiently prejudicial to warrant granting defendant a new trial. Further, we find the evidence supportive of the jury's finding that plaintiff and its insured did not misrepresent to defendant information regarding insured's past driving record.

No error.

Judges PARKER and HILL concur.