MAUDE SAULS v. CHARLOTTE LIBERTY MUTUAL INSURANCE CO.

No. 828DC601

(Filed 7 June 1983)

Insurance § 18.1— life insurance—misrepresentation as to high blood pressure— genuine issue of fact

> In an action to recover on two life insurance polices, a genuine issue of material fact was presented as to whether insured made a material misrepresentation in his insurance application where defendant insurer presented evidence that a question on the application as to whether insured had ever had high blood pressure had been answered "no" and that insured had been treated for high blood pressure from a date three years prior to the application until his death, and where plaintiff presented evidence that defendant's agent filled out the application for insured without asking any questions about insured's health and that insured did not tell defendant's agent that he did not have high blood pressure.

APPEAL by plaintiff from *Jones, Judge.* Judgment entered 31 March 1982 in District Court, WAYNE County. Heard in the Court of Appeals 20 April 1983.

This is an action by a named beneficiary to recover on two insurance policies issued by the defendant in 1978 on the life of Reginald Sauls, the plaintiff's husband. Sauls died on 26 February 1980.

In his application for the two 1978 policies, the deceased answered "no" to question 18 which asked if he had ever had heart trouble or high blood pressure. The defendant seeks to avoid payment under the two 1978 policies on the ground that this answer was a material misrepresentation.

To support its motion for summary judgment, the defendant filed two affidavits. In one affidavit, Dr. Jesse Blackman stated that he treated the deceased for high blood pressure from 4 August 1975 until his death. Tillman D. Little, Jr., the defendant's vice-president, stated in the other affidavit that whether an applicant suffers from high blood pressure is material to the defendant's decision to insure him. He concluded that the defendant would not have insured Sauls if it knew about his high blood pressure.

The plaintiff filed an affidavit in opposition to the defendant's motion. She stated that her husband took out the 1978 policies after Leo Nasekos, who collected premiums for the defendant, told him that he could cash in two 1973 policies that he had with the defendant and receive their cash surrender value. The deceased did that and then took out the two 1978 policies.

According to the plaintiff, neither she nor her husband provided any additional information to Nasekos when he filled out the 1978 applications. She said that her husband did not know that he was suffering from high blood pressure, and that her husband never told Nasekos that he did not have heart trouble or high blood pressure.

After considering the affidavits and evidence before him, the trial judge granted the defendant's motion for summary judgment. From that judgment, the plaintiff appealed.

*Duke and Brown, by John E. Duke, and Braswell and Taylor, by Ronald C. Braswell, for the plaintiff-appellant.*

*Barnes, Braswell & Haithcock, by Tom Barwick, for the defendant-appellee.*

ARNOLD, Judge.

Summary judgment under G.S. 1A-1, Rule 56(c) is proper when there is "no genuine issue as to any material fact. . . . It is a drastic remedy . . . [that] must be used with due regard to its purposes and a cautious observance of its requirements in order that no person shall be deprived of a trial on a genuine disputed factual issue." *Kessing v. Mortgage Corp.,* 278 N.C. 523, 534, 180 S.E. 2d 823, 830 (1971). This remedy "does not authorize the court to *decide* an issue of fact. It authorizes the court to determine whether a genuine issue of fact exists." *Vassey v. Burch,* 301 N.C. 68, 72, 269 S.E. 2d 137, 140 (1980) (emphasis in original). Summary judgment should be denied "[i]f different material conclusions can be drawn from the evidence." *Spector Credit Union v. Smith,* 45 N.C. App. 432, 437, 263 S.E. 2d 319, 322 (1980).

In *Koontz v. City of Winston-Salem,* 280 N.C. 513, 186 S.E. 2d 897, *reh'g denied,* 281 N.C. 516, --- S.E. 2d --- (1972), the court defined two terms that are determinative on a summary judgment question.

> An issue is *material* if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action. The issue is denominated "*genuine*" if it may be maintained by substantial evidence.

280 N.C. at 518, 186 S.E. 2d at 901 (emphasis added). In addition to no issue of fact being present, to grant summary judgment a court must find "that on the undisputed aspects of the opposing evidential forecasts the party given judgment is entitled to it as a matter of law." 2 McIntosh, N.C. Practice and Procedure § 1660.5 (2d ed., Phillips Supp. 1970). *See also,* W. Shuford, N.C. Civil Practice and Procedure § 56-7 (2d ed. 1981).

Through the pleadings and admissions, the plaintiff has established the execution and delivery by the defendant of a life insurance policy issued to the deceased with plaintiff as beneficiary, the death of the insured, and payment of premiums. Nothing else appearing, plaintiff has established a *prima facie* case of her right to the insurance proceeds. *Tolbert v. Insurance Co.,* 236 N.C. 416, 72 S.E. 2d 915 (1952); *Willetts v. Insurance Co.,*

45 N.C. App. 424, 263 S.E. 2d 300, *disc. rev. denied,* 300 N.C. 562, 270 S.E. 2d 116 (1980).

After the plaintiff made a *prima facie* case, the burden of proof shifted to the defendant insurer to establish the misrepresentations relied on by it to avoid the policy. *Rhinehardt v. Insurance Co.,* 254 N.C. 671, 119 S.E. 2d 614 (1961). An insurer's duty under an insurance contract may be avoided by a showing that the insured made representations in his insurance application which were material and false. *Tolbert,* 236 N.C. at 418, 72 S.E. at 917; *Willetts,* 45 N.C. App. at 428, 263 S.E. 2d at 304; *see* G.S. 58-30.

A representation in a life insurance application is material if the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract and accepting the risk. *Carroll v. Insurance Co.,* 227 N.C. 456, 42 S.E. 2d 607 (1947). In an application for a life insurance policy, written questions and answers relating to health are deemed *material as a matter of law. Rhinehardt,* 254 N.C. at 673, 119 S.E. 2d at 616 (emphasis in original).

Because the plaintiff's affidavit raises a question of fact, we reverse the entry of summary judgment. A jury should have been allowed to decide who filled out the blanks on the 1978 applications. The plaintiff's contention that no questions about health were asked by Nasekos when the 1978 applications were filled out raises a question about who answered "no" to the relevant question. We note that the record contains no affidavit from Nasekos on this point.

We recognize the principle that a person is deemed to have read and understood what he signs. *See, e.g., Gas House, Inc. v. Southern Bell Tel. & Tel. Co.,* 289 N.C. 175, 180, 221 S.E. 2d 499, 503 (1976). What is apparently the deceased's signature appears on the 1978 applications. But this case presents an issue of fact that cannot be resolved on the evidence that is before us.

As a result, we reverse entry of summary judgment for the defendant and remand for a trial.

Reversed and remanded.

Chief Judge VAUGHN and Judge HEDRICK concur.